13371

STATE v. SMITH

(163 S. E., 639)

*Mr. G. H. Edwards,* for appellant,

*Mr. M. J. Hough, Solicitor,* for respondent,

March 17, 1932.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The defendant, L. H. Smith, was tried at the June, 1931, term of Court of General Sessions for Darlington County, under an indictment charging him with the murder of Coit Gainey. The jury returned a verdict of guilty, with recommendation to the mercy of the Court, and the trial Judge, his Honor, Judge E. C. Dennis, thereupon sentenced the defendant to life imprisonment. From the sentence and judgment of the lower Court, the defendant appealed to this Court, imputing error to the trial Judge in the particulars alleged under three exceptions, which will be considered in the order presented by appellant's counsel.

## EXCEPTION I

"That his Honor, the presiding Judge, erred, it is respectfully submitted, in refusing the motion for continuance upon the grounds stated, and in forcing the defendant to go to trial immediately, it being submitted (1) That the defendant could not safely go to trial at this time in that it was impossible for the defendant and his attorney to properly prepare and present his defenses; and (2) That the defendant could not obtain a fair and impartial trial at this time on account of current rumors and of the prevailing public sentiment and feeling against the defendant."

As to the contention of appellant that his motion for a continuance should have been granted, upon the ground that his attorney did not have time to properly prepare the case for trial at said term of Court and that defendant was not ready to go to trial, we deem it sufficient to state that, as this Court has often held, such questions necessarily must be left largely to the sound discretion of the trial Judge, and, unless it clearly appears that there was an abuse of discretion, this Court will not interfere. A careful reading of the record in the case fails to convince us that

the trial Judge abused his discretion in passing upon this question, and think that his Honor properly refused the motion on this ground.

As to the second question raised under this exception, that the defendant could not obtain a fair and impartial trial at said time on "account of current rumors and of prevailing public sentiment and feeling against the defendant," and for that reason was entitled to a continuance, attention is called to the fact that when the motion for continuance was made on this ground no affidavit was presented in support of the motion, but in connection with the motion counsel for defendant simply made a statement to the Court, presenting conditions as they appeared to him. Waiving the question of the failure to present supporting affidavits, a careful reading of the statement made in connection with the motion convinces us that the facts stated were not sufficient to warrant the trial Judge in continuing the case on this ground. In the order issued by Judge Dennis in refusing a motion for a new trial, wherein the same question was considered, his Honor stated: "Much argument was made by counsel on the ground that there was such a strong sentiment against the defendant that he could not obtain a fair trial. I saw nothing at the time to indicate any such sentiment and nothing was brought to my attention to convince me that there was any public sentiment on the case one way or the other. It is my opinion that he was tried by a fair and impartial jury and convicted properly on the evidence which amply supports the verdict."

In this connection we call attention to the fact that no motion was made for a change of venue.

### Exception II

"That his Honor, the presiding Judge, erred, it is respectfully submitted, in refusing the motion for a new trial upon the grounds stated, it being submitted that the facts brought to the attention of the Court clearly showed that the defend-

ant did not have a fair and impartial trial, but on the contrary, that the verdict of the jury was influenced by prejudice and hostility to the defendant."

The principal ground urged by appellant before the trial Judge in his motion for a new trial was that the appellant's motion for a continuance should have been granted. This question is disposed of by the conclusion reached in our consideration of the first exception.

In the motion for a new trial it was urged by appellant that certain persons, including some county officers, after and before the trial, made statements to the effect that the defendant was a bad man, had committed many crimes, and that he ought to be convicted. Granting that all of this was true, it furnished no basis for granting a new trial.

The appellant, also, contended on the motion for a new trial that incompetent testimony to his prejudice and over his objection was admitted in evidence; also, that in addressing the jury the solicitor made improper remarks. So far as we are able to ascertain the transcript of record does not disclose what testimony the appellant has reference to, nor what remarks of the solicitor were objectionable. We therefore are not in a position to consider these alleged errors.

It was also urged by the appellant, on the motion before Judge Dennis for a new trial, that there was not sufficient evidence to convict the defendant of murder. The testimony in the case is not before us, and we therefore cannot consider this question.

## EXCEPTION III

"That his Honor, the presiding Judge, erred, it is respectfully submitted, in refusing the motion for a new trial upon the ground that at least one of the jurors was not indifferent, but, on the contrary, had determined to convict the defendant before the trial commenced, it being respectfully sub-

mitted, (1) That the juror, W. S. DeWitt, before the trial had expressed the opinion that the defendant, 'ought to be electrocuted'; (2) That two of the jurors, after the trial, referred to the character and life of the defendant, and to other crimes alleged to have been committed by him, in connection with his conviction; and (3) That the life and character of the defendant, and the rumors of other crimes alleged to have been committed by him, were discussed and used in the jury room as a reason why he should be convicted in this case, and the verdict of the jury was influenced thereby and resulted therefrom; and (4) That the verdict of the jury was not really the verdict of at least one of the jurors."

This exception is overruled on the authority of the opinion (written by Chief Justice Eugene S. Blease), in the recent case of *State v. Parris,* 163 S. C., 295, 161 S. E., 496.

While we have not discussed herein every position urged by counsel for appellant, we have duly considered the same, and, after careful consideration, are of the opinion that the exceptions cannot be sustained, and the same are therefore overruled.

The judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.