## Beauchamp, Judge, et al. v. Cahill.

May 12, 1944

Lawrence S. Grauman and C. Maxwell Brown for appellants.

Hebert Monsky for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

This action was instituted in Jefferson Circuit Court, Chancery Branch, First Division, by appellee, Hon. Frank R. Cahill, Jr., a duly licensed and regularly practicing attorney of the Louisville Bar, against Hon. Mark Beauchamp, Judge of the Jefferson County Court, and Hon. Lawrence W. Weatherby, Trial Commissioner of the Juvenile Session of that court, to obtain a writ of prohibition against defendants to prevent them from excluding him from the court room during certain trials in the Juvenile Session of the Jefferson County Court. Defendants appeal from a judgment granting plaintiff the relief sought.

· The petition avers that plaintiff as attorney represented one Hilton in the case of Commonwealth v. Hilton pending in the Juvenile Session of the Jefferson County Court wherein the defendant, an adult male, was charged with contributing to the delinquency of Pauline Sizemore, a girl said to be 15 years of age; that there were like charges in the same court pending against other adult males named Whitehouse and Briscoe in which Pauline was the prosecutrix. That on Feb. 14, 1944, when the case against Briscoe was called the Trial Commissioner, Hon. Lawrence W. Weatherby, on motion of the Assistant County Attorney in charge of the prosecution, entered an order excluding all persons from the court room during Briscoe's trial except Pauline, the prosecuting attorney, Briscoe and his attorney, the trial commissioner and a court attache. It is further alleged that although plaintiff is a regularly licensed and practicing attorney he was excluded under such order from the court room during Briscoe's trial and unless defendants are prohibited by the chancellor he will be excluded from the trial of Whitehouse on Feb. 17, 1944, in violation of his constitutional rights as an attorney and as a citizen; that under his employment to defend Hilton, it is his duty to be present during Whitehouse's trial and observe the hearing, and he will suffer irreparable injury if excluded from the court room during that trial.

Defendants filed a special demurrer questioning plaintiff's legal capacity to sue, also a general demurrer challenging the sufficiency of the petition. Hon. John R. Moreman, Special Chancellor, in a full and well-reasoned opinion overruled both demurrers. When defendants declined to plead further, he entered a judgment denying the right of the court to exclude plaintiff from the court room during any hearings of cases wherein the Sizemore girl is the prosecutrix.

. The chancellor's opinion states that while the petition recites a writ of prohibition was sought, the real relief asked was a mandamus and that the parties so practiced the case before him. . As the parties and the chancellor treated this as a proceeding for mandamus, it will be so considered by us.

Defendants insist that as plaintiff did not represent Briscoe, he had no direct interest in the proceeding and on this ground they attempt to distinguish the instant case from two cases of the same style of Herr v. Humphrey, Judge, reported respectively in 258 Ky. 270, 79 S. W. (2d) 965 and 277 Ky. 421, 126 S. W. (2d) 809, 121 A. L. R. 954. Also, they ask him in what respect could plaintiff suffer irreparable injury by being excluded from the court room during the trial of a defendant he did not represent?

True plaintiff did not represent Briscoe, but he does represent Hilton, who is charged with the same offense as was Briscoe, and the prosecutrix is the same girl. It is known by all judges and all lawyers that an attorney is an officer of the court. Upon being admitted to the Bar in this jurisdiction an attorney takes an oath to support the Constitutions of this State and of the United States and acknowledges his loyalty to the Commonwealth so long as he continues a citizen thereof, Sec. 228 Ky. Const. In Com. v. Harrington, 266 Ky. 41, 98 S. W. (2d) 53, 56, it was written: "Attorneys * * * are assistants to and parts of the governmental court machine." Being an officer of the court and having been employed by Hilton to defend him, it was not only plaintiff's privilege, but his duty (if he believed he could aid his client by so doing), to be present when Briscoe was tried. Therefore, we hold that plaintiff had legal capacity to bring this action.

On the merits of the case defendants contend that

as the prosecutrix is a girl of 15, the court had authority to protect her from the gaze of the prurient public while giving testimony of a salacious and embarrassing character, citing such cases as Keddington v. State, 19 Ariz. 457, 172 P. 273, L. R. A. 1918D, 1093; Ex parte Sturm, 152 Md. 114, 136 A. 312, 51 A. L. R. 356.

It cannot be doubted that a trial judge has authority to exclude the young from his court room during a trial where unsavory and vulgar evidence will be produced. Also, he may protect a child witness, who from the nature of the case must testify to revolting facts, by excluding morbid, prurient, curious and sensation-seeking persons from the court room, so long as he does not abuse his discretion and deprive the accused of the right to have his family and friends present as well as a reasonable portion of the public. Such limited exclusion of people from the court room when resorted to in the exercise of a reasonable and sound discretion does not violate Sec. 11 of the Constitution granting the accused a public trial. Reagan v. United States, 9 Cir., 202 F. 488, 44 L. R. A., N. S., 583; 14 Am. Jur. Sec. 142, p. 868. But this does not allow a judge to exclude a duly licensed and practicing attorney employed to defend a client facing a similar charge to the one upon which the accused is standing trial, or to exclude an attorney having a personal or professional interest in the matter being tried. Plaintiff's exclusion from the court room during Briscoe's trial was to his irreparable injury.

Defendants attempt to invoke KRS 199.060, reading: "All hearings (of juvenile cases) shall be had in chambers to the exclusion of the general public except where the law otherwise provides." The answer to this argument is that this was not the trial of a juvenile, but of an adult as provided in KRS 199.990 for the offense denounced in KRS 199.320 of contributing to the delinquency of a child. State v. Marsh, 126 Wash. 142, 217 P. 705. But if this were the trial of a juvenile, appellee could not be excluded from the court room as he has a direct interest in the case by reason of his employment as an attorney to defend Hilton who is charged with contributing to the deliquency of this child.

The judgment is affirmed.