16795

STATE v. HOWELL

(78 S. E. (2d) 579)

*Messrs. L. A. Hutson,* of Orangeburg, *and L. A. Hutson, Jr.,* of Greenville, *for appellant,*

*Messrs. Julian S. Wolfe, Solicitor,* of Orangeburg, *and L. Marion Gressette,* of St. Matthews, *for Respondent,*

November 9, 1953.

STUKES, Justice.

The appellant was convicted upon trial upon an indictment for assault and battery with intent to kill. He has appealed· upon exceptions which, it is said in the brief, raise the following questions:

1. Is there any evidence to convict the defendant under the facts and law in the case?

2. Did the Court err in refusing the motion of the defendant for a new trial in holding that a harsh argument between counsel for the defendant and counsel assisting the Solicitor did not prevent the defendant from having a fair and impartial trial?

There is no merit in either of the stated questions. The prosecuting witness suffered knife wounds about the head, face and hand which required surgical and medical treatment and caused some permanent impairment of the use of the fingers of one hand. The weapon was a butcher knife with an eighteen-inch blade. Appellant and his victim, both colored men, were members of the same church in which the latter was the president of the "Usher Board" and the appellant was the recently resigned vice-president. They met on a Sunday night at the home of the secretary of the Board, where differences between them arose. Appellant left first and when the prosecutor and his wife later left and had about reached the street, the attack occurred in the darkness. The evidence adduced by appellant fell far short of substantiation of his plea of self-defense. Although represented by experienced counsel, there was no motion in his behalf for directed verdict, which is sufficient to overrule the first question. Rule 76 of the Circuit Court. But if the rule should be waived, *State v. Center,* S. C., 76 S. E. (2d) 669, the result would be the same because there was ample evidence to sustain the verdict. No useful purpose would be served by further review of it.

There is nothing in the record of the trial to support the second question. Mention of the incident, upon which it is based, first appears in the motion for new trial which the court refused, quoting from the informal ruling which was addressed to counsel, "for the reason you should have moved for a mistrial rather than speculating upon a favorable verdict, and then move for a new trial after failure of that."

It appears from the briefs and from the oral argument in this court that in his address to the jury counsel for appellant made references to the attorney who was assisting the Solicitor in the prosecution, to which the attorney objected. The "harsh argument" complained of occurred in the ensuing colloquy between the participating attorneys. As said above, it is not contained in the transcript of record for appeal; no motion was made for mistrial upon the ground of it; and no request of the court to instruct the jury thereabout. Under these circumstances it is not available as a ground of appeal. *State v. Meehan,* 160 S. C. 111, 153 S. E. 151. *State v. Smith,* 165 S. C. 215, 163 S. E. 639. *State v. Rasor,* 168 S. C. 221, 167 S. E. 396, 86 A. L. R. 1237. *State v. McGill,* 191 S. C. 1, 3 S. E. (2d) 257. *State v. Mishoe,* 198 S. C. 215, 17 S. E. (2d) 142. *State v. Wagstaff,* 202 S. C. 443, 25 S. E. (2d) 484. *State v. Warren,* 207 S. C. 126, 35 S. E. (2d) 38. *State v. King,* 222 S. C. 108, 71 S. E. (2d) 793.

The exceptions are overruled and the judgment affirmed.

BAKER, C. J., TAYLOR and OXNER, JJ., and J. M. BRAILSFORD, JR., A. A. J., concur.