17191

THE STATE, Respondent, v. J. B. CANNON, Appellant

(93 S. E. (2d) 889)

*H. T. Abbott, Esq.* of Conway, *for Appellant,*

*Messrs. J. Reuben Long, Solicitor,* and *J. M. Long, Jr.,* of Conway, *for Respondent.*

*H. T. Abbott, Esq.,* of Conway, *for Appellant, in reply,*

July 19, 1956.

TAYLOR, Justice.

Appellant was found guilty of murder and recommended to the mercy of the Court at the June, 1955, Term of the

Court of General Sessions for Horry County and appeals, contending, among other things, that the trial Court erred in permitting improper argument to the jury on the part of counsel for the prosecution.

The evidence was principally circumstantial, and inasmuch as a new trial must be had, we will limit our discussion to that portion of the record necessary to show wherein error was committed.

Appellant was charged with having set fire to his mother-in-law in her home, which was in the same community where he lived, on May 8, 1955, from which she died three days later on May 11th.

In argument to the jury, the Solicitor made reference to the fact that insurance was in existence on the life of the deceased and charged that the defendant had murdered the deceased for the purpose of collecting $4,000.00. Objection was duly made to this line of argument but overruled.

An examination of the testimony reveals that one Marion Ford, a witness for the State, was permitted to testify, over objection, that on April 25th, he had called upon appellant and his wife at their home for the purpose of selling life insurance and had written an application for $1,000.00, with double indemnity, upon the life of the deceased with the wife of appellant as beneficiary, that the premium thereon was $1.13. Appellant paid $1.00 and the agent paid the thirteen cents. On cross-examination, it was brought out that the application was mailed to the home office on the week end. The policy was issued and received by the witness on the 9th of May; that he was not aware that Mrs. Mishoe had been burned on the day previous or that she had died on the 11th of May, on which date he delivered the policy to the wife of appellant. There is no evidence from which it could be concluded that appellant might collect $4,000.00 insurance upon the death of the insured or that appellant might benefit in any way therefrom, except by way of inference that whatever his wife received would indirectly be to his advantage

as she was the named beneficiary and only she could collect. The only other reference to insurance is that appellant had in March of that year acquired insurance on his father.

The Solicitor in his argument to the jury may give his version of the testimony, *State v. Jernigan,* 156 S. C. 509, 153 S. E. 480; and the conduct of a trial is left largely to the discretion of the presiding Judge, and this Court will not interfere unless it clearly appears that the rights of the complaining party were abused or prejudiced in some way. *State v. McGill,* 191 S. C. 1, 3 S. E. (2d) 257; *State v. Gidron,* 211 S. C. 360, 45 S. E. (2d) 587. And one seeking a new trial because of unfair or improper argument on the part of counsel for the successful party should show that: First, timely objection was interposed to the argument; second, the substance, at least, of the objectionable language; third, the failure of the Court to sufficiently warn the jury not to consider the improper argument; and, fourth that the result was to materially prejudice the right of the losing litigant to obtain a fair and impartial trial. *State v. Meehan,* 160 S. C. 111, 158 S. E. 151; *State v. Smith,* 165 S. C. 215, 163 S. E. 639; *State v. Hinton,* 210 S. C. 480, 43 S. E. (2d) 360.

The rule that it is the duty of the prosecuting attorney to always treat the defendant in an impartial manner applies to his argument to the jury, and he should at all times confine himself to the evidence adduced in the trial. "It is most certainly proper, especially in criminal cases, that counsel, in addressing the jury, should keep themselves strictly within the record. This rule is essential, and must be enforced; * * *.' " *State v. McDonald,* 184 S. C. 290, 192 S. E. 365, 370, citing *State v. Robertson,* 26 S. C. 117, 1 S. E. 443.

While it is often difficult to draw the line between legitimate argument and that which is prejudicial, such matters must to a large extent be left to the wise discretion of the Circuit Judge. In the instant case, (1)

timely objection was made; (2) the objectionable language was recorded; (3) the Court overruled the objection; and (4) since the case was tried on the theory that insurance was the motive, we cannot escape the conclusion that the remarks were not only improper but properly affected the verdict and, therefore, prejudicial.

Other questions are presented by Appellant in his brief but will not be discussed in view of the necessity for a new trial, except that in our opinion there was no error in refusing Appellant's motion for a directed verdict of not guilty.

The judgment and sentence appealed from are therefore set aside and the case remanded for a new trial.

Reversed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.