Mary Sue Lynn **HARGROVE**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 9, 1962.

W. J. Postlethweight, Marion, for appellant.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

Appellant, Mary Sue Lynn Hargrove, pled guilty in the Crittenden Circuit Court to an indictment for child desertion. Her punishment was fixed at one year's confinement in the state penitentiary. The court suspended entry of the judgment and imposition of the sentence, and placed her on probation. The conditions of the probation were that appellant:

1. Avoid injurious habits.

2. Avoid persons or places of disreputable or harmful character; and not violate any laws of this Commonwealth.

3. Report to the Probation Officer as directed and permit the Probation Officer to visit her at her home or elsewhere.

4. Remain in the jurisdiction of the Court unless given written permission by the Court or Probation Officer to go elsewhere.

5. Work faithfully at suitable employment and support her dependents to the best of her ability.

6. Gather her family together, and provide said family with a suitable and proper home and in this endeavor she shall cooperate fully with the Department of Child Welfare.

In June 1962 the Commonwealth's attorney filed a motion to set aside the order suspending sentence for the reason that appellant had violated the conditions of her probation order. A bench warrant was issued and she was arrested.

The court, on its own motion, appointed Hon. W. J. Postlethweight as counsel for

appellant and he accepted the appointment in open court. Appellant, by counsel, moved that the court overrule the motion of the Commonwealth for the following reasons:

(1) That the motion to revoke probation did not state in what manner the probationer had violated her probation.

(2) That under Section 11 of the Constitution of Kentucky she is guaranteed the right to be heard by herself and by counsel of her own choosing, and since the counsel assigned to her had been appointed by the court, he was an officer of the Commonwealth and therefore represented the interest of the Commonwealth, and not the interest of the appellant.

(3) That appellant's attorney, Hon. W. J. Postlethweight, should be discharged from his appointment because he was required to use his time and legal talents without pay with the result that his property was being applied to public use without just compensation in violation of the provisions of Section 13 of the Constitution of Kentucky.

A full hearing was had upon the motion and appellant was given able and effective assistance at the hearing, and at subsequent proceedings in the case, by her appointed counsel. Witnesses, including the probation officer, testified for the Commonwealth and about twelve witnesses were introduced in behalf of appellant. The probation was revoked and judgment was entered.

■ It is argued that a motion to revoke probation should be as specific as is an indictment and should meet all requirements of Section 124 of the Criminal Code of Practice. We have been cited no authority to support the proposition. Sections 122 through 129 of the Code deal with the original indictments in criminal cases. They have no application here.

In Ridley v. Commonwealth, Ky., 287 S.W.2d 156, it was contended that the statutes mandatorily require as a condition of a hearing for revocation of probation that the probation officer submit a report as to the manner in which defendant had violated the terms of his probation; that he is not required to answer oral allegations of alleged misconduct, and that a written accusation similar to an indictment be presented. The Court said:

"Under our constitution the manner of probation must be by withholding entry of the judgment and suspending sentence. Lovelace v. Commonwealth, 285 Ky. 326, 147 S.W.2d 1029. In the first place, it is entirely within the discretion of the trial court whether a defendant shall be given his liberty conditionally. This is regarded as a privilege or a 'species of grace extended to a convicted criminal' for his welfare and the welfare of organized society. Darden v. Commonwealth, 277 Ky. 75, 125 S.W.2d 1031, 1033. Similar broad discretion rests in the court to revoke the probation both in respect to initiation of a hearing and the disposition thereof."

In the case at bar probation had been granted upon special conditions which we have quoted and the charge that they had been violated was sufficient. In addition the proof shows that on several occasions appellant was warned that her misconduct would lead to a motion to revoke the probation.

■ In regard to appellant's second contention that her constitutional rights were violated because she did not have counsel of her own choosing, we wish to state at the outset that we have grave doubts concerning whether the constitutional guarantee extends to a proceeding of this nature. However, if it does, the record does not show where she was denied the right to select her own counsel. The dictum that a defendant be afforded a fair opportunity to secure counsel of his own choice is most often supported by citation of the opinion in Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527. In that case and many cases

which followed, such as Roberts v. Commonwealth, Ky., 339 S.W.2d 640; United States v. Bergamo, 3 Cir., 154 F.2d 31, and cases cited therein, we find in each instance that the accused in some manner was refused the right to have a particular person to defend him, or reasonable opportunity to obtain the services of such an attorney. In the Powell case the court made a blanket appointment of all members of the bar to defend the accused and until the very morning of the trial no lawyer had been named or definitely designated to represent defendant. On the morning of the trial a lawyer from the Tennessee bar appeared and agreed to help out in the trial. The ultimate conclusion by the Supreme Court was that defendant did not in any real sense have the aid of counsel in preparation of the case. There must be some indication in the record that the accused attempted to make some selection of counsel. It was not shown here. The expression "counsel of one's own choice" does not mean that the court is required to appoint counsel selected by the accused; it means, rather, that the accused has a right of his own volition to hire or otherwise obtain counsel and then be represented by that counsel at the trial.

We think that the contention that the assigned counsel becomes an officer of the Commonwealth and therefore represents the interest of the Commonwealth, and not that of the accused, is equally without merit. A regularly licensed attorney is always an officer of the court and therefore an officer of the Commonwealth. Beauchamp, Judge v. Cahill, 297 Ky. 505, 180 S.W.2d 423. All attorneys would be disqualified if appellant's premise were sound.

Appellant's final contention is that her attorney should have been discharged because his services were expropriated by the State. In Calhoun v. Commonwealth, 301 Ky. 789, 193 S.W.2d 420, we said:

"Although the Constitution of Kentucky confirms the right of freemen to be represented by counsel when charged with a felony (Section 11), which is interpreted as requiring the court to appoint an attorney for one who is unable to employ counsel, no provision has ever been made by the Commonwealth to compensate him as has been done in some of the other states. Provision has been made for the compensation of other officers of the court (KRS 28.460(1) (a), but not for a lawyer, who bears the heavier responsibility and performs a greater service, both in character and extent. The records are replete with services of appointed counsel as efficient and loyal as those rendered for substantial fees. Often lawyers have been imposed on by men able to pay them. Their only compensation is the sense of having contributed their talents and labors in a public service."

In any event, if counsel has a claim this is not a suit in which it may be pressed.

We find no error in the proceeding and the judgment is affirmed.