## 20353

The STATE, Appellant, v. Danny Ringo HARRIS, Respondent.

(232 S. E. (2d) 231)

118

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph C. Coleman, Dep. Atty. Gen.,* and *Robert N. Wells, Jr., Asst. Atty. Gen.,* of Columbia, and *William T. Jones, Sol.,* of Greenwood, *for Appellant,*

*William P. Walker, Jr., Esq.,* of Lexington, *for Respondent.*

February 3, 1977.

*Per Curiam:*

Respondent was arrested and charged with assault with intent to ravish. A preliminary hearing was held in the matter at which time the investigating officer read into the record a statement given by the victim. Magistrate Oscar Zobel ruled that probable cause had been shown.

Respondent then moved to be allowed to depose the victim, the motion being granted by Order of Judge Nicholson.

Cited as authority for this ruling were Sections 16-73 and 16-74, S. C. Code Ann. (1962). The State appeals from this Order of the lower court. We reverse.

The two statutes in question were first enacted, along with several related sections, in 1909. These sections, taken together, provide that in a case of rape or assault with intent to ravish the victim's testimony may be taken by deposition, and then read at trial, in lieu of the victim taking the stand. In construing a statute, all rules are subservient to the one which requires that the legislative intent prevail. *McMillen Feed Mills, Inc., of S. C. v. Mayer,* 265 S. C. 500, 220 S. E. (2d) 221 (1975). We think it clear that the legislative intent of the statutes in question was to provide a procedure by which the victim of a sexual assault could be spared the trauma of relating the details of the crime in open court. The sections were not intended to grant a defendant the right to cross-examine a victim prior to trial by a deposition proceeding.

Indeed, the judge in the lower court stated in his Order that "[i]t is doubtful that the procedure provided by this Code Section was, in fact, intended as a device for discovery." And this Court has held that there is no constitutional or statutory right to such pretrial discovery in this State. *State v. Flood,* 257 S. C. 141, 184 S. E. (2d) 549 (1971).

For the foregoing reasons, the Order of the lower court is reversed.