## 21375

The STATE, Respondent, v. Paul SINCLAIR, Jr., Appellant.

(274 S. E. (2d) 411)

*J. Edward Bell, III,* and *Rodney M. Sprott,* both of *Weinberg, Brown & McDougall,* Sumter, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Lindy Pike Funkhouser,* Columbia, *for respondent.*

January 15, 1981.

HARWELL, Justice:

Paul Sinclair was convicted for committing a lewd act upon a female child under fourteen years of age. We affirm.

The prosecuting witness testified that she went to a neighborhood park with her younger brother to play. While there she was accosted by a freckled, nervous-appearing, middle-aged man attired in a tan shirt, green shorts and socks and black boots. He had a blue bicycle. Several days later the police detained Sinclair. He matched the description, was wearing clothes similar to those described and was riding a blue bicycle.

The police took a photograph of Sinclair and combined this with the photographs of six other individuals to form a photographic display or line-up. The prosecuting witness was then called to the station to view the photographs. At the display, she immediately and without any delay picked out the photograph of Sinclair.

Sinclair's primary defense at trial was alibi. He and his witnesses testified that he spent the afternoon of the incident at his and his wife's place of employment.

Appellant contends first that he was impermissibly prejudiced at trial when the solicitor questioned him on cross-examination about his post-arrest silence. Appellant relies upon *Doyle v. Ohio,* 426 U. S. 610, 96 S. Ct. 2240, 49 L.

Ed. (2d) 91 (1976), for the rule that the use for impeachment purposes of his silence at the time of arrest and after receiving *Miranda* warnings violated the Due Process Clause of the Fourteenth Amendment. The rule established by *Doyle v. Ohio, supra,* is not applicable to the facts of this case.

On direct examination, Sinclair's counsel asked him whether he had ever had any opportunity, prior to trial, to state his story. He said he had not. Then on cross examination, the solicitor questioned along this line, asking Sinclair if the police gave him a chance to tell his side. Sinclair responded affirmatively. Several questions later when the solicitor persisted in this vein, counsel for the defense objected. The trial judge sustained the objection. The matter was later discussed at length among trial counsel and the trial judge. The defense sought no further relief below. Inasmuch as the appellant obtained the only relief he sought, this court has no issue to decide. *State v. Brown,* 274 S. C. 48, 260 S. E. (2d) 719 (1979). We also note that in *Doyle v. Ohio, supra,* unlike here, the prosecution delved into the post-arrest silence area *sua sponte* and when counsel for the defense entered timely objections the trial court overruled them.

The appellant next argues that the solicitor impermissibly introduced new matter into evidence in his closing argument to the jury and that the trial judge erred by not sustaining the defense's motion for a mistrial at that point. We disagree.

The colloquy which we are concerned wih took place as follows:

The Solicitor: The police even went to the trouble, when they were showing it, to cover up the fact that this man, of all the men that photographs were taken of, was wearing short pants, by putting that strip of paper over them so as not to suggest—

Defense Counsel: Objection, Your Honor—

The Court: All right, sir, I sustain the objection with regard to—

Defense Counsel: I would like to make a motion, Your Honor—

The Court: All right, sir, I'll note it. Appellant's motion for a mistrial was subsequently denied.

■■ While we agree with the general statement that the solicitor may not introduce matters into the trial in closing which were not admitted properly into evidence, *State v. Gaines,* 271 S. C. 65, 244 S. E. (2d) 539 (1978); *State v. Bottoms,* 260 S. C. 187, 195 S. E. (2d) 116 (1973), we do not view the solicitors statement as having that effect here. The prosecuting witness testified that her assailant was wearing green shorts. Appellant stated that he was wearing green trunks the day he was arrested. He also stated he was photographed at the station that same day. The arresting officer said that Sinclair had on green cut-off pants the day he was arrested. The substance of the solicitor's remark, as can be seen, was *already* in evidence. The denial of the motion was therefore proper.

The appellant also takes the position that the trial judge erred by excluding the public from the trial during the prosecuting witness's testimony. He contends that by this he was denied his rights to a public trial and due process of law and that the exclusion worked to place undue attention and significance on the witness's testimony in the eyes of the jury. We disagree.

■ The Sixth Amendment to the Federal Constitution and Article I, Section 14 of the State Constitution provide one accused in a criminal matter the guarantee of a public trial. This substantial right was established in the common law when our constitutions were adopted. See, 39 A. L. R. (3d) 852. There is some disagreement, however, in the cases as to the limits of the public trial right and

this in turn relates to the permissible extent to which the public trial guarantee may be qualified under certain conditions. See, 156 A. L. R. 265, 48 A. L. R. (2d) 1436. In general, though, any order affecting or relating to the public trial right must be closely scrutinized to assure that there is no impermissible infringement of the right.

Exclusions of members of the public from criminal trials are ordered for a number of reasons, one of which is to prevent emotional disturbance and embarrassment of a witness in order to facilitate the taking of testimony. See, 23 C. J. S. Criminal Law § 963(3). Cases which deal with exclusion for the protection of the witness rather than out of concern for the spectators focus on the propriety and duration of the exclusion rather than its scope. See 156 A. L. R. 265; 48 A. L. R. (2d) 1436. Thus the exclusion of members of the public from trials while a young victim of a sexual battery is testifying is not impermissible if the trial court is convinced of the necessity for doing so after balancing the interests of all parties. The exclusion, however, must only be as broad as are the needs of the witness under the peculiar circumstances of the case. See, *United States ex rel. Smallwood v. Lavalle,* 377 F. Supp. 1148 (E. D. N. Y.) aff'd, 508 F. (2d) 837 (2d Cir. 1974), cert. denied, 421 U. S. 920, 95 S. Ct. 1586, 43 L. Ed. (2d) 788 (1975).

The United States Supreme Court recognized the state of the law recently in *Gannett Company, Inc. v. DePasquale,* 443 U. S. 368, 99 S. Ct. 2898, 61 L. Ed. (2d) 608 (1979) :

"Even with respect to trials themselves, the tradition of publicity has not been universal. Exclusion of some members of the general public has been upheld, for example, in cases involving violent crimes against minors. *Geise v. United States,* 262 F. (2d) 151 (CA9 1958). The public has also been temporarily excluded from trials during testimony of certain witnesses. *E.g., Beauchamp v. Cahill,* 297 Ky. 505,

180 S. W. (2d) 423 (1944) (exclusion justified when children forced to testify to revolting facts) ; *State v. Callahan,* 100 Minn. 63, 110 N. W. 342 (1907) (exclusion justified when embarrassment could prevent effective testimony). *Hogan v. State,* 191 Ark. 437, 86 S. W. (2d) 931 (1935) (trial judge properly closed trial to spectators during testimony of 10-year old rape victim) ; . . .

Approximately half the States also have statutory provisions containing limitations upon public trials. *Eg.,* Ala. Code § 12-21-202 (1975) (public can be excluded in rape cases) ; Ga. Code § 81-1006 (1978) (public can be excluded where evidence is vulgar) ; Mass. Gen. Laws Ann., ch. 278, § 16A (West 1972) (no person under 17 who is not a party shall be present in a criminal trial) ; Va. Code § 19-2-266 (1975) ('In the trial . . . of all criminal cases . . . the court may, in its discretion, exclude . . . any persons whose presence would impair the conduct of a fair trial . . .')." 443 U. S. at 388, 99 S. Ct. at 2910, 61 L. Ed. (2d) at 626-627 n. 19.

Despite its not having been raised before us, we must be mindful, too, of the guaranteed right of the public under the First and Fourteenth Amendments of the Federal Constitution to attend the criminal trial. "Absent an overriding interest articulated in findings the trial, of a criminal case must be open to the public." *Richmond Newspapers, Inc. v. Virginia,* —— U. S. ——, ——, 100 S. Ct. 2814, 2829, 65 L. Ed. (2d) 973, 992 (1980). The Supreme Court made clear that the First Amendment rights of the public are not absolute but failed to set forth circumstances under which the right might be curtailed. *Richmond Newspapers, supra,* —— U. S. at ——, 100 S. Ct. at 2830 n. 18, 65 L. Ed. (2d) 973 at 992 n. 18. Certain of those circumstances are suggested, however, in the *Gannett* case as noted above.

In this State, the conduct of a criminal trial is left largely to the sound discretion of the presiding judge and this court will not interfere unless it clearly appears that the rights of the complaining party were abused or prejudiced in some way. *State v. Cannon,* 229 S. C. 614, 93 S. E. (2d) 889 (1956); *State v. Lee,* 255 S. C. 309, 178 S. E. (2d) 652 (1971). We do not believe the trial judge abused his discretion in ordering the exclusion.

The public was excluded only while the prosecuting witness testified. The trial judge took care to see that the order was carried out in a manner least likely to have an impression on the jury. The primary reason for the order was to shield the witness, a young girl nine years of age, from public scrutiny while she was recounting the details of an embarrassing and sensitive incident. The trial judge also expressed an interest in protecting the appellant from the possible adverse effects an audience would have on the prosecuting witness. The judge made available to any interested member of a news organization the girl's recorded testimony.

The trial judge properly weighed the various competing interests. There was no abuse of discretion under these circumstances despite the fact that the better, statutorily prescribed practice could have been used whereby the deposition of the victim would be taken, subject to the appellant's right of confrontation, and then simply be read to the jury. See, Sections 16-3-660 to 16-3-720, Code of Laws of South Carolina (1976). See also, *State v. Harris,* 268 S. C. 117, 232 S. E. (2d) 231 (1977).

The remaining assignments of error are without merit and are disposed of pursuant to our Rule 23.

Affirmed.

LEWIS, C. J., and LITTLEJOHN and GREGORY, JJ., concur.

NESS, J., concurs in result.

NESS, Justice (concurring):

I concur with the majority opinion except the rationale for the issue on post arrest silence. I believe the issue is controlled by the recent decision of *Jenkins v. Anderson,* —— U. S. ——, 100 S. Ct. 2124, 65 L. Ed. (2d) 86 (1980), where the defendant in a murder case plead self defense. On cross examination the prosecutor questioned him about the fact he had never told anyone about that defense. The U. S. Supreme Court held the defendant's Fifth Amendment rights were not violated by the use of his pre-arrest silence.

I also would hold that here the trial judge articulated for the record his reasons for excluding the public during a small portion of the trial which I believe complies with the requirement of *Richmond Newspapers, Inc. v. Commonwealth of Virginia, et al.,* —— U. S. ——, 100 S. Ct. 2814, 65 L. Ed. (2d) 973 (1980).

I concur.