692 S.E.2d 207

**The STATE, Respondent,**

v.

**Ricky Lynn PARRIS, Appellant.**

**No. 4660.**

Court of Appeals of South Carolina.

Heard Dec. 10, 2009.

Decided March 17, 2010.

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.

SHORT, J.

In this criminal case, Ricky Lynn Parris appeals his conviction of reckless homicide. Parris argues the trial court erred by (1) failing to exclude a police officer's testimony about Parris's right to remain silent; (2) allowing testimony regarding prior crimes and prior bad acts; and (3) failing to exclude a police officer's testimony that Parris lacked remorse for the accident. We affirm.

## FACTS

On August 19, 2006, Michael Holt received a phone call from his brother that his van had broken down. Holt and his wife arrived at the scene in order to assist his brother and found the van was off the road. Holt backed his truck in front of the van to tow the van. Parris's vehicle struck the driver side door of the truck and then sideswiped the van. As a result of the collision, Holt suffered life-ending injuries.

At the scene of the accident, South Carolina Highway Patrol Officer Ron Manley observed Parris was oblivious to his surroundings, spoke slowly, and was "thick-tongued."[1] Officer Manley concluded Parris was under the influence of prescribed or illicit drugs. These suspicions were later confirmed when Parris tested positive for numerous drugs, including painkillers and antidepressants. These drugs depress the central nervous system by producing drowsiness and sedation.

As a result of the collision and Parris's impairment at the time of the collision, Parris was indicted for causing death by operating a vehicle while under the influence of drugs or alcohol and reckless homicide. The jury convicted Parris of reckless homicide only. Parris also pled guilty to being a habitual traffic offender and driving under suspension. The trial court sentenced Parris to ten years' imprisonment for reckless homicide to run consecutive to the sentence of five years' imprisonment on the habitual traffic offender offense. Parris was also sentenced to six months' imprisonment for driving under suspension, to run concurrent with reckless

---

1. According to Officer Manley, thick-tongued means an individual is unable to pronounce words and this condition usually results from a medical condition or the influence of drugs.

homicide and habitual traffic offender sentences. This appeal followed.

## STANDARD OF REVIEW

In criminal cases, the appellate court sits to review errors of law only. *State v. Wilson,* 345 S.C. 1, 5–6, 545 S.E.2d 827, 829 (2001). The court is bound by the trial court's factual findings unless they are clearly erroneous. *Id.* This court does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial court's ruling is supported by any evidence. *Id.*

## LAW/ANALYSIS

### I. Right to Remain Silent

Parris initially argues the trial court erred in failing to exclude Officer Manley's testimony about Parris's right to remain silent. We disagree.

According to Parris, the collision occurred because he swerved to avoid a man getting a ladder from a truck and was blinded by the truck's headlights. During Officer Manley's cross-examination, Parris asked "in all likelihood [was Parris] blinded by the headlights of [Holt's] truck?" Officer Manley replied, "that's for you to ... have your client up here to testify to."

Parris objected on the grounds that this testimony was "a direct comment and an implication by the State's witness that the defendant has some burden of taking the stand and testifying or proving something." Parris moved for a mistrial on the grounds that his rights to remain silent and have the State to prove the case against him had been violated.

The trial court denied the motion for a mistrial but did give curative instructions. The trial court instructed the jurors they were to only consider matters properly placed into the record. The trial court explained to the jurors that any testimony stricken from the record was to be disregarded in its entirety and could not be discussed or mentioned in any fashion during their deliberations. The trial court then struck from the record Officer Manley's statement. The trial court also stated the State bore the burden of proving the case

against Parris and this burden remained with the State throughout the trial. The trial court explained that Parris was presumed innocent and did not have the burden to prove his innocence. Parris failed to object to the sufficiency of the trial court's curative instruction.

On appeal, Parris argues the curative instruction was insufficient. However, this argument is not preserved for our review because Parris accepted the trial court's ruling and did not contemporaneously object to the sufficiency of the curative charge. *See State v. Jones,* 325 S.C. 310, 316, 479 S.E.2d 517, 520 (Ct.App.1996) (holding a curative instruction is usually deemed to cure an alleged error; no issue is preserved for appellate review if the complaining party accepts the trial court's ruling and does not contemporaneously object to the sufficiency of the curative charge).

## II.  Prior Bad Acts

Parris next claims the trial court erred by allowing testimony regarding prior crimes and prior bad acts. We disagree.

Prior to trial, the State sought to present evidence Parris had been indicted on seventeen counts of drug fraud. According to the State, Parris had been to three different doctors and just as many pharmacies in a successful effort to obtain controlled substances often used to treat pain and depression. Additionally, the State sought to introduce evidence of Parris's prior convictions of being a habitual traffic offender and driving under suspension. Parris made a motion in limine to exclude this evidence. The trial court ruled in favor of Parris and concluded evidence relating to how Parris obtained the drugs and Parris's prior convictions was inadmissible.

Officer Manley testified that after Parris left the hospital, he was transported to jail "based on driving violations." Parris objected on the grounds that the trial court had ruled Parris's prior convictions inadmissible. Also, Dr. David Wren, who conducted an autopsy on Holt, testified it was not uncommon to have the combination of drugs that were found in Parris's system because "some people shop around for drugs." Again, Parris objected based on the trial court's evidentiary ruling during the motion in limine.

With respect to Officer Manley's testimony, the trial court stated, "we're not gonna put any evidence of the case about the habitual traffic offender violation and [driving under suspension].... At this point I'm gonna ask the solicitor not to pursue that line of questioning any further." As to Dr. Wren's testimony, the trial court "sustained the objection by the defense ... and ... [struck] from the record the ... statement made by this witness." The trial court also reminded the jurors how they should view evidence stricken from the record.

When the defendant receives the relief requested from the trial court, there is no issue for the appellate court to decide. *State v. Sinclair*, 275 S.C. 608, 610, 274 S.E.2d 411, 412 (1981). Furthermore, when a witness gives objectionable testimony and an objection is subsequently sustained, the issue is not preserved for appeal unless the objecting party moves to strike the testimony. *State v. Saltz*, 346 S.C. 114, 129, 551 S.E.2d 240, 248 (2001) (holding where trial court does not sustain objection, no additional action required to preserve issue for review). On both occasions, Parris got the relief he requested in that the trial court sustained his objections. Thus, there is no issue for this court to decide.[2]

### III. Lack of Remorse

In his final argument, Parris contends the trial court erred by failing to exclude Officer Manley's testimony that Parris lacked remorse for the accident. We disagree.

The following colloquy took place between the solicitor and Officer Manley.

Q: And in talking to [Parris] ... did you notice anything about him?

A: When I first spoke with Mr. Parris, I was having a hard time understanding him because of what we call thick tongued. Basically it, it just kind of means more like their

---

2. Parris also complains Officer Manley testified he was driving without a driver's license on the night of the collision. Parris did not raise this issue to the trial court, and therefore, it is not preserved for review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693–94 (2003) (holding that for an issue to be preserved for review it must have been raised to and ruled upon by the trial court).

tongue is so thick that they're unable to pronounciate [sic] their words, and that's usually somebody that's either under the influence or had some type [of] medical condition like as a far as blood sugar or something of that nature.

Q: Did . . . you smell any alcohol on him?

A: No, sir, I did not smell any alcohol.

Q: Did you believe him to be under the influence of a substance?

A: Based on my observations . . . based on the way he spoke, which was slow and . . . precise, his actions were real slow, based upon the fact of him being thick tongued, and basically oblivious to his surroundings as far as what had happened there at, not only at the scene, but also at the hospital, which was real[ly] more evident at the hospital that yes, it was my conclusion that he was under the influence of some type of prescribed drugs or illicit drugs.

Q: Did he ever show any care for Michael Holt in any way?

A: No sir, he never asked about Mr. Holt whatsoever. You know, me and Trooper Nancy both thought that that was kind of odd that, you know—

■ Before Officer Manley could finish answering, Parris objected on the grounds that the State was attempting to establish Parris lacked remorse. The trial court sustained the objection in part and overruled it in part. The trial court ruled it was improper for Officer Manley to testify regarding how he felt and whether Parris had a duty to express remorse. The trial court overruled the objection with respect to whether Officer Manley could testify as to the factors he considered in concluding that Parris was under the influence. One of these factors was Parris was oblivious to what was occurring around him. The trial court granted the relief requested because it ruled Officer Manley could not testify about whether Parris expressed any remorse. Because Parris received the relief requested from the trial court, there is no issue for this court to decide. *See Sinclair,* 275 S.C. at 610, 274 S.E.2d at 412; *Saltz,* 346 S.C. at 129, 551 S.E.2d at 248.

Additionally, Officer Manley's testimony was not a comment on Parris's lack of remorse. Rather, Officer Manley was testifying as to his factual observations to support his conclu-

sion that Parris was under the influence of an illegal or illicit drug. The testimony was presented for the purpose of illustrating Parris's actions and attitudes after the accident and how Parris's unemotional response was one factor that led Officer Manley to believe Parris was under the influence. We find no reversible error in the trial court's ruling. *See State v. Horton*, 359 S.C. 555, 571–72, 598 S.E.2d 279, 288 (Ct.App. 2004) (holding that during a prosecution for reckless homicide that a police officer's testimony that the defendant sat in the officer's car and was unemotional after his vehicle struck and killed victim was admissible and did not constitute a comment on the defendant's lack of remorse because the testimony illustrated the defendant's actions after the accident and showed how the defendant's unemotional responses led the officer to believe the defendant was under the influence).

## CONCLUSION

Accordingly, the trial court's decision is

**AFFIRMED.**

THOMAS and KONDUROS, JJ., concur.