**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Christopher Lee Emmons, Appellant.

Appellate Case No. 2013-002018

Appeal From Spartanburg County
Roger L. Couch, Circuit Court Judge

Unpublished Opinion No. 2015-UP-234
Submitted February 1, 2015 – Filed May 6, 2015

**AFFIRMED**

Appellate Defender Carmen Vaughn Ganjehsani and Appellate Defender Laura Baer, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Mary Williams Leddon, all of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

**PER CURIAM:**  Christopher Lee Emmons appeals his conviction for attempted armed robbery, arguing the trial court erred in (1) admitting dog tracking evidence; (2) admitting a witness's in-court identification of him; and (3) not dismissing his indictment or suppressing all evidence related to the missing video surveillance footage.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in admitting the dog tracking evidence: *State v. Schumpert*, 312 S.C. 502, 507, 435 S.E.2d 859, 862 (1993) ("A ruling in limine is not a final ruling on the admissibility of evidence.  Unless an objection is made at the time the evidence is offered and a final ruling made, the issue is not preserved for review." (internal citation omitted)).

2.  As to whether the trial court erred in admitting the witness's in-court identification: *State v. Tisdale*, 338 S.C. 607, 611, 527 S.E.2d 389, 391 (Ct. App. 2000) ("The admission of evidence is within the sound discretion of the trial court."); *id.* at 611, 527 S.E.2d at 392 ("An in-court identification of an accused is inadmissible if a suggestive out-of-court identification procedure created a very substantial likelihood of irreparable misidentification." (internal quotation marks and citation omitted)); *id.* at 612, 527 S.E.2d at 392 ("Although the reliability of an identification may be affected by media identification, no police deterrence would be achieved by excluding evidence where there has been no governmental involvement."); *Perry v. New Hampshire*, 132 S. Ct. 716, 728 (2012) ("The fallibility of eyewitness evidence does not, without the taint of improper state conduct, warrant a due process rule requiring a trial court to screen such evidence for reliability before allowing the jury to assess its creditworthiness.").

3.  As to whether the trial court erred in not dismissing the indictment or not suppressing all evidence related to the missing video surveillance footage: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *State v. Parris*, 387 S.C. 460, 465, 692 S.E.2d 207, 209 (Ct. App. 2010) ("When the defendant receives the relief requested from the trial court, there is no issue for the appellate court to decide.").

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.