**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

The State, Respondent,

v.

Devarous S. L. Parks, Appellant.

Appellate Case No. 2015-000953

———————

Appeal From Greenville County
Steven H. John, Circuit Court Judge

———————

Memorandum Opinion No. 2019-MO-021
Heard January 10, 2019 – Filed April 17, 2019

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert M. Dudek, of
Columbia, for Appellant.

General Counsel Matthew C. Buchanan, of South
Carolina Department of Probation, Parole and Pardon
Services, of Columbia, for Respondent.

———————

**PER CURIAM:** Appellant argues the circuit court erred in ordering GPS monitoring pursuant to S.C. Code Ann. § 23-3-540(A) (Supp. 2018) "without an individualized on-the-record showing and finding that it was reasonable under the

Fourth Amendment and *Grady v. North Carolina*, 135 S. Ct. 1368 (2015) [(per curiam)]." After carefully reviewing the record, we find Appellant's argument that he was denied an individualized hearing is based on a false premise. The circuit court—**specifically citing *Grady***—weighed the need for monitoring in the context of Appellant's offense, criminal history, and the like, thus giving Appellant the very hearing he now contends was lacking. Accordingly, we decline to hold at this time that the Fourth Amendment, as interpreted by *Grady*, requires an individualized hearing before imposing GPS monitoring under all subsections of section 23-3-540[1] and affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: *State v. Sinclair*, 275 S.C. 608, 610, 274 S.E.2d 411, 412 (1981) (holding when the appellant has already obtained the only relief he seeks on appeal, there remains nothing left for this Court to decide); *State v. Parris*, 387 S.C. 460, 466, 692 S.E.2d 207, 210 (Ct. App. 2010) (same).

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, FEW, JAMES and Acting Justice Thomas E. Huff, concur.**

---

[1] *But see State v. Ross*, 423 S.C. 504, 515, 815 S.E.2d 754, 759 (2018) (holding GPS monitoring under section 23-3-540(E) must be ordered by the circuit court "only after the court finds electronic monitoring would not be an unreasonable search based on the totality of the circumstances presented in an individual case").