**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Craig Carl Busse, Appellant.

Appellate Case No. 2018-000201

---

Appeal From Newberry County
Donald B. Hocker, Circuit Court Judge

---

Unpublished Opinion No. 2020-UP-307
Submitted October 1, 2020 – Filed November 12, 2020

---

**AFFIRMED**

---

James Ross Snell, Jr. and Vicki D Koutsogiannis, both of Law Office Of James R. Snell, Jr., LLC, of Lexington, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General William M. Blitch, and Senior Assistant Deputy Attorney General John Benjamin Aplin, all of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

---

**PER CURIAM:** Craig Carl Busse appeals from his sentence for criminal sexual conduct with a minor, second degree, arguing the trial court erred in (1) overruling Busse's objection when the solicitor argued during closing arguments that he found the victim's testimony to be compelling, and (2) applying the South Carolina Rape Shield Statute when the court declined to allow Busse to use evidence found on the victim's cell phone to show motive. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Tappeiner v. State*, 416 S.C. 239, 250, 785 S.E.2d 471, 477 (2016) ("[S]olicitors must confine their closing remarks to the record and the reasonable inferences that may be drawn therefrom."); *id.* (holding the trial court has wide discretion in ruling on the appropriateness of a closing argument); *State v. Copeland*, 321 S.C. 318, 324, 468 S.E.2d 620, 624 (1996) ("The trial court's discretion will not be overturned absent a showing of an abuse of discretion amounting to an error of law that prejudices the defendant."); *Humphries v. State*, 351 S.C. 362, 373, 570 S.E.2d 160, 166 (2002) ("Improper comments do not automatically require reversal if they are not prejudicial to the defendant, and the appellant has the burden of proving he did not receive a fair trial because of the alleged improper argument."); *State v. Sinclair*, 275 S.C. 608, 610, 274 S.E.2d 411, 412 (1981) (finding when "the appellant obtained the only relief he sought, this court has no issue to decide"); *State v. Parris*, 387 S.C. 460, 465, 692 S.E.2d 207, 209 (Ct. App. 2010) ("When the defendant receives the relief requested from the trial court, there is no issue for the appellate court to decide.").

**AFFIRMED.**[1]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.