### STATE v. WILLIAMS.

1. HABEAS CORPUS ACT—DEMAND FOR TRIAL.—A person imprisoned under a charge of felony, and demanding in open court during the first week of the term next succeeding his commitment that he be brought to trial, has the right to bail, if not then indicted, unless it appear to the judge by oath that the witnesses for the State cannot be produced at that term.

2. IBID.—IBID.—At the second term, such prisoner shall be discharged from his imprisonment without bail (but not from further prosecution), if during the first week, he demand his trial and be not tried during the term ; but he is not entitled to such discharge unless he make it appear to the court that he is in custody.

3. IBID.—IBID.—A prisoner charged with arson failed to procure bail and was committed to jail. At the first term thereafter, defendant was indicted and demanded a trial, but the case was continued on the State's motion. At the second term his counsel again demanded a trial, whereupon he was called but did not answer and his name was not on the sheriff's list of prisoners in jail. *Held*, that the prisoner was not entitled to a discharge from his imprisonment because he had not made it to appear that he was in custody, and the trial judge erred in referring it to a referee to inquire where the prisoner was.

Before NORTON, J., Berkeley, February, 1891.

Indictment against Sharper Williams for arson. The opinion states the case.

*Mr. Claudian B. Northrop*, for appellant.

*Mr. Jervey*, solicitor, contra.

January 11, 1892. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. The following facts may be gathered from the somewhat meagre statement found in the "Case" as prepared for argument here, although it is quite obvious that the facts are not as fully stated as they should have been in justice to the court. At October term, 1890, of the Court of General Sessions for Berkeley County, a true bill was found against appellant upon an indictment for arson, when the case

was continued by the State, though the defendant demanded a trial. At the next succeeding term of said court, February, 1891, "the case was called and the defendant not responding, the sheriff was required to and did call him three times at the door of the court house, to which he also failed to answer, whereupon, on motion of the solicitor, the case was ordered to be transferred to the contingent docket." Thereupon, after argument of counsel, both for the prisoner and the State, the court made the following order :

"It appearing to the court that the above named defendant was committed to the jail of Berkeley County on the 29th day of May, 1890, on a charge of arson, and a true bill having been found against him, and the State having continued the trial of said indictment at the October term of this court, 1890, and also at February term, 1891, thereof, and it also appearing that said defendant has not been able to procure bail for his release, and a petition that he be tried on said indictment at this term having been duly filed in this court during the first week of this term, and on the last day of the term a motion for his discharge, under section 2323, of the General Statutes, having been duly made by defendant's counsel, Claudian B. Northrop, whereupon it was stated by the solicitor that said defendant was out of the jurisdiction of the court, and his name not appearing in the list of the prisoners furnished by the sheriff as being in his custody. It is ordered, that it be referred to H. K. Jenkins, Esq., to inquire whether or not said defendant is out of the jurisdiction of this court, and pending said inquiry, said motion is refused. On such inquiry the testimony of the sheriff may be received orally, as well as that of other witnesses, to prove the whereabouts at this time of the defendant."

From this order the defendant, by his counsel, appealed upon the several grounds set out in the record, and the solicitor gave notice that he would ask this court to sustain the refusal of the defendant's motion upon grounds other than those relied upon by the Circuit Judge, which are likewise set out in the record. We do not deem it necessary to set out specifically the grounds relied upon either by the State or by the appellant, as the sole question which really arises upon the record is whether, upon the

11—35

facts there appearing, the defendant was entitled to his motion for a discharge.

The motion is based upon section 2323, of the General Statutes, which reads as follows: "If any person committed for treason or felony, plainly and specifically expressed in the warrant of commitment, upon his prayer or petition in open court the first week of the term to be brought to his trial, shall not be indicted some time in the next term after such commitment, it shall and may be lawful to and for the judge of the Circuit Court, and he is hereby required, upon motion made in open court the last day of the term, either by the prisoner, or any one in his behalf, to set at liberty the prisoner upon bail, unless it appear to him, upon oath made, that the witnesses for the State could not be produced the same term ; and if any person committed as aforesaid, upon his prayer or petition in open court, the first week of the term, to be brought to. his trial, shall not be indicted and tried the second term after his commitment, or upon his trial shall be acquitted, he shall be discharged from his imprisonment." It is very obvious that the provisions of this section of the General Statutes are taken from and are substantially the same as those found in the 7th section of the *habeas corpus* act (1 Statutes at Large, 119–20), and, therefore, the construction which has heretofore been given to that section of the *habeas corpus* act is equally applicable to the section of the General Statutes upon which appellant bases his motion.

It will be observed that the section makes two distinct and different provisions for the relief of persons committed to jail under a charge of treason or felony : 1st. That where a person so charged is not *indicted* during the term of the court next succeeding his commitment, he may apply either in person, "or by any one in his behalf," to the judge of the Circuit Court for bail, which the judge is required to grant "unless it appears to him, upon oath made, that the witnesses for the State could not be produced the same term." The plain purpose of this provision was to give a person committed to jail for treason or felony the right to bail where he is not indicted, that is, where an indictment is not presented to the grand jury at the first term after his commitment, unless it shall be made to

appear to the satisfaction of the judge that the witnesses relied upon by the State to warrant the finding of the indictment cannot be procured at that term ; and it does not relate to *the trial.*

The second provision of the section does, however, give the defendant the right to a discharge *"from his imprisonment,"* where, upon his petition to be brought to trial, he "shall not be indicted *and tried* the second term after his commitment." The uniform construction which has been given to this latter provision is, that it applies only to persons who are in actual custody or imprisonment. In *State* v. *Buyck* (2 Bay, 563), it is said "that this clause did not relate to persons who were not actually in custody or imprisonment." Again, "The 7th clause of the *habeas corpus* act evidently alluded to persons who were within the four walls of a prison." That case was affirmed in *State* v. *Logan* (3 Brev., 416), where Nott, J., said that since the case of Buyck "the law has been considered as settled." These two cases were again reaffirmed in *State* v. *Holmes* (3 Strob., 278), where Withers, J., said : "The clause in question does not apply to those who are not in actual confinement." The case of *State* v. *Fasket* (5 Rich., 255) is not in conflict with the above cited cases, for there the defendant was in actual confinement, and the only point decided was that where the defendant had not been indicted and tried within two terms after his commitment, he was entitled to a discharge "from his imprisonment" without bail, and the recognizance which the Circuit Judge had required him to give was ordered to be cancelled. It may not be improper for us to add that the case of Fasket is not to be regarded as holding that the prisoner under the circumstances there stated was entitled to be discharged absolutely from further prosecution, as that would be altogether inconsistent with what was distinctly held in *State* v. *Fley & Rochelle* (2 Brev., 348), but the true construction is that the prisoner was entitled to a discharge "from his imprisonment" without bail. This confirms our theory of the act, that its sole purpose was to relieve a person in actual confinement from further imprisonment. This being the true construction of the section of the General Statutes invoked by appellant, it follows that, in order to entitle one to the benefit of its provisions, he

must make it appear that he is in actual confinement at the time he applies for his discharge.

The only remaining inquiry, therefore, is whether the appellant did make it appear to the court that he was in actual confinement. It seems to us that any statement to that effect appears to have been carefully avoided. For while it does appear that the appellant was committed to jail in May, 1890, and that he was unable to give bail, there is no intimation even of the fact that he still remained in jail in February, 1891, when he made his application for his discharge. On the contrary, his failing to answer when called, and the fact that his name did not appear on the list of the prisoners furnished by the sheriff as being in his custody furnished pretty strong evidence that he was not in actual confinement, and as he had not been able to procure bail, it would be difficult to conceive from what he could have been discharged.

If he was not actually or constructively imprisoned, he was not in any view entitled to the benefit of the provisions of the section relied upon, for that only confers a right of discharge "from his imprisonment" ; and he certainly was not entitled to a discharge from further prosecution, for two reasons : 1st. Because the section does not purport to confer such a right ; and, 2nd, because it has been expressly held in *State* v. *Fley & Rochelle* (2 Brev., 348), that the statute cannot be so construed. At all events, it was not incumbent upon the State to show that the defendant was not in confinement at the time he made his application for discharge, but it was his duty, in order to avail himself of the benefit of the statutory provision, upon which he relied, to show that he was in the situation of a person for whose benefit the provision was intended, and, therefore, to say the very least of it, he was bound to show that he was either actually or constructively imprisoned, and this he wholly failed to do. The fact that he had been committed to jail in May, 1890, and had been unable to procure bail, certainly was altogether insufficient to show that he was imprisoned in February, 1891, when it appeared that he could not be found in the court room when his case was called for trial, that he failed to respond to the call of the

court, and that his name did not appear on the list of prisoners in the custody of the sheriff.

Under the view which we have taken of the case, the question whether the defendant was out of the jurisdiction of the court at the time the motion for his discharge was made becomes wholly immaterial, and therefore what the solicitor may have stated to the court, and what weight should be attributed to it, as well as the mode of proceeding directed by the Circuit Judge to determine a wholly immaterial question, become wholly unimportant, and need not, therefore, be considered. The only question material to the inquiry whether defendant was entitled to his motion for a discharge, was whether he had shown that he occupied the position of one who would be entitled to the relief asked for; and this, as we have seen, he utterly failed to do, and hence his motion was properly refused.

The judgment of this court is, that the order appealed from, in so far as it refused defendant's motion for a discharge be affirmed, but in so far as it ordered a reference to inquire into a wholly immaterial fact, that it be reversed.