PEOPLE, PLAINTIFF AND APPELLEE, v. AVILÉS, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution
for Violation of the Internal Revenue Law.

No. 1310.—Decided June 6, 1919.

DISMISSAL—SPEEDY TRIAL.—On appeal the district court, as had been done by
the municipal court, overruled a motion by the defendant for the dismissal
of the action on the ground, supported by a certificate, that the trial was held
in the municipal court after the expiration of the 120 days referred to in sub-
division 2 of section 448 of the Code of Criminal Procedure, the defendant
not having asked for a continuance. The district court based its ruling on
the fact that it had not before it the necessary information as to whether
or not there was good cause in the lower court for not bringing the defend-
ant to trial within the period fixed by law, and that in the absence of evi-
dence to the contrary it had to presume that the proper procedure had been
followed and that there was good cause for the delay. The ruling was ex-
cepted to and on appeal this court held that it was incumbent upon the dis-
trict attorney, and not upon the defendant, to show the existence of good
cause for the delay if any there were.

The facts are stated in the opinion.

*Mr. Leopoldo Tormes* for the appellant.

*Mr. Salvador Mestre, Fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This case involves the construction and application of
section 448 of the Code of Criminal Procedure.

The statement of the case reads as follows:

"Both parties having announced themselves ready for trial,
counsel for the defendant reproduced a motion which he had duly
made in the lower court. The defense alleges the following: 'That
this is an appeal from the Municipal Court of Ponce; that the
complaint was made on November 6, 1917, and the defendant was
called to trial on March 21, 1918, long after the expiration of the
120 days prescribed by law; that he made a motion in the municipal
court for the dismissal of the action on these grounds and the motion
appears in the record; that the said motion was then overruled,
for which reason the defendant appealed from that ruling and now
reproduces the motion for dismissal and prays the court to dismiss
the case because the defendant was not put on trial within the 120
days fixed by law.' In support of his motion he offers in evidence

a certificate of the clerk of the Municipal Court of Ponce showing that this case was tried on March 21, 1918, and that since the complaint was filed the case was never continued at the instance of the defendant or by order of the court.

"The district attorney alleges that he has no information from the municipal court; that these cases are sent first to the offices of the Attorney General and the Treasurer of Porto Rico, and that he would have to make a preliminary investigation in order to conclude whether there was any negligence or any good cause for the delay.

"The court ruled on the defendant's motion as follows: 'This is a motion which was made in the Municipal Court of Ponce on the day of the trial, March 21, 1918. The motion was based on the fact that more than 120 days had elapsed from the date of the filing of the complaint to the date on which the defendant was brought to trial, the defendant not having waived his right to a speedy trial. The motion is not verified. There is endorsed on it a ruling of the Municipal Judge of Ponce overruling the motion in all its parts after it had been heard. It does not appear from the record nor has any other evidence been produced to show that the municipal court had no good cause for not trying the case sooner. The appellant exhibits now only a certificate of the clerk of the municipal court dated June 19, 1918, stating in substance that this case was called for trial on March 21, 1918, and that since the complaint was filed the case has never been continued at the instance of the defendant or by any order of the court. This certificate is so ambiguous that it really says nothing. Therefore the court conjectures that some cause has existed which reasonably prevented the municipal court from trying the case within the 120 days. There is no evidence before the court that no such cause existed. The court has not before it the necessary information to show whether or not the lower court had a good reason for not trying the case sooner, and this court, in the absence of evidence to the contrary, must presume that the lower court proceeded in a lawful manner and that the case was not tried there within the 120 days because the court had a good cause for not trying it, and for this reason the motion is overruled and it is ordered that this ruling be made a part of the record.'

"Counsel for the defendant excepted."

The *Fiscal* of this court maintains in his brief that there

is no basis for applying section 448 of the Code of Criminal Procedure on which the appellant relies, because the record does not show the date on which the complaint was filed, nor that the defendant was imprisoned.

It is true that there is nothing in the record that shows in a direct manner the date on which the complaint was filed in the municipal court, but it does appear that said complaint was sworn to before the clerk of that court on November 6, 1917; that the defendant's motion alleged that the complaint was filed on November 6, 1917, the same day on which it was sworn to, and that that allegation was not denied by the district attorney.

Although the fact that the complaint was sworn to on November 6 is not conclusive evidence that it was filed on the same day, the natural order of procedure and the general practice favor the conclusion that it was, and if to this be added the implied admission of the district attorney in the lower court, it seems to us necessary to hold, at least, that it is too late for the *Fiscal* of the Supreme Court to raise this question.

Indeed, the record does not show that the defendant was imprisoned. On this ground, and relying on the jurisprudence in *Hammond* v. *State* (Nebraska) and *State* v. *Williams* (South Carolina), the *Fiscal* alleges, as already said, that there is no basis for applying said section 448. ·

The first case, *Hammond* v. *State,* 58 N. W. 92, establishes the following jurisprudence: "A defendant in a criminal prosecution who has never been committed to jail or otherwise detained in custody is not entitled to be discharged on the ground that he has not been brought to trial" within the time fixed by law, but the law in Nebraska is different from the law in Porto Rico. The statute there, which is transcribed in the opinion of the court, reads, "If any person indicted for any offense and committed to prison * * *," while our statute simply says, "If a de-

fendant, whose trial has not been postponed upon his application, is not brought to trial within one hundred and twenty days after the filing of the information" the prosecution shall be dismissed. The jurisprudence, therefore, is not applicable.

And the doctrine laid down in the other case of *State v. Williams,* 14 S. E. 309, is not applicable for the same reason. We quote from the syllabus: "Gen. St. 2323, providing that where a person committed for treason or felony, on his petition in open court to be brought to trial, is not indicted and tried the second term after his commitment, he shall be discharged from imprisonment, applies only to persons who are in actual custody."

We have now to consider only the reason assigned by the district court for its ruling, which is substantially that the defendant did not show that the action of the municipal court was not based on a good cause.

It having been held by this court in *Ochoa v. Manzano,* 24 P. R. R. 786, that section 448 of the Code of Criminal Procedure applies also to the municipal courts, we are of the opinion that the defendant in this case had only to allege and prove that he had not been brought to trial within the period of one hundred and twenty days after the complaint was filed and that the trial had not been postponed at his instance. The burden was upon the prosecution to show the existence of good cause for the delay, if any there were. If the prosecuting attorney was not advised of the facts when the motion was made by the defendant, he could have asked for reasonable time in which to investigate in order to act according to law and in the interest of justice.

"The statute is imperative," says the Supreme Court of California in construing a statute similar to our own in *People* v. *Morino,* 85 Cal. 517, " 'The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed.' Here no cause for delay was shown. It

was enough for the defendant to show that the time fixed by the statute, after information filed, had expired, and that the case had not been postponed on his application. If there was any good cause for holding him for a longer time without a trial, it was for the prosecution to show it. The court could not presume it." See also *People* v. *Ayala,* 19 P. R. R. 888.

For the foregoing reasons the judgment below must be reversed and the prosecution dismissed, canceling such bond as the defendant hay have given.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.