21652

The STATE, Respondent, v. Robert CAMPBELL, Appellant.

(288 S. E. (2d) 395)

*Appellate Defender John L. Sweeney of S. C. Com'n of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod and Asst. Attys. Gen. Lindy P. Funkhouser and Brian P. Gibbes,* Columbia, *for respondent.*

February 25, 1982.

*Per Curiam:*

Appellant was convicted of armed robbery and sentenced to twenty-five (25) years' imprisonment. He now alleges the lower court erred in denying his motion to dismiss the indictment.

Appellant argues the indictment should be dismissed because he was not afforded a speedy trial pursuant to South Carolina Code of Laws § 17-23-90 (1976). We find no need to determine the speedy trial issue, as the relief requested is not the relief provided by the statute.

Section 17-23-90 provides for discharge from imprisonment when a person is committed for a felony, demands to be brought to trial, and is not indicted or tried by the second term following his commitment. In *State v. Fasket*, 39 S. C. L. (5 Rich.) 255, 257 (1852), the statutory reference to discharge was interpreted as requiring the prisoner ". . . be as unrestrained as if upon his trial he was acquitted." This phrase merely indicates the prisoner should be released without bail, not discharged from further prosecution. *State v. Williams*, 35 S. C. 160, 14 S. E. 309 (1892).

We reaffirm the *Williams* interpretation of language now found in Section 17-23-90. Therefore, appellant's motion to dismiss the indictment was properly denied.

We have considered the remaining exceptions and are of the opinion no error of law is present. Accordingly, we affirm the lower court's determination of those issues under Rule 23 of the Rules of Practice of this Court.