21653

In the Matter of: Janice WESTBROOKS, a Minor under the Age of Seventeen Years, Appellant.

(288 S. E. (2d) 396)

*Deputy Appellate Defender Vance J. Bettis,* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Lindy P. Funkhouser* and *Martha L. McElveen,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

March 1, 1982.

*Per Curiam:*

Appellant was adjudicated delinquent as a result of a shoplifting charge filed against her in Family Court. The judge ordered her to perform thirty (30) hours of community service and placed her on indefinite probation. Appellant contends the lower court erred by placing her on indefinite probation. We disagree and affirm.

Section 14-21-620 of the 1976[1] Code sets forth the alternative dispositions available to a family court judge after a minor has been adjudicated delinquent. When a child is adjudicated delinquent by the Family Court, he may be punished only as prescribed by the Family Court Act. *In re Skinner,* 272 S. C. 135, 249 S. E. (2d) 746 (1978).

According to Section 14-21-620, the court may place the child on probation or under supervision in his own home or in the custody of a suitable person, upon such conditions as the court may determine. Section 14-21-620 further provides that probation shall be ordered and administered as a measure for the protection, guidance and well-being of the child and his family.

The family court is vested with broad discretion in imposing the conditions of probation. 43 C. J. S. *Infants* Section 78(b) (1978). The length of the probationary period constitutes a condition of probation within the lower court's discretion. We find no abuse of that discretion. Clearly, the court could not impose probation to extend beyond appellant's twenty-first birthday because the jurisdiction of the Family Court terminates when a child becomes twenty-one. *See* Section 14-21-510 S. C. Code of Laws (1976, as amended). Therefore, the probationary period would end on appellant's twenty-first birthday.

While we find no abuse of discretion in this instance, we are of the opinion that the better practice would be to set a definite period of probation. The order of the lower court is affirmed.

---

[1] Section 14-21-620 is now Section 20-7-1330, a part of the newly enacted Children's Code. 1981 S. C. Acts and Joint Resolutions, 121.