21981

The STATE, Respondent, v. Christopher Flynn SALMON, Appellant.

(306 S. E. (2d) 620)

*Deputy Appellate Defender David W. Carpenter* and *Asst. Public Defender Venable Vermont, Jr.,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Sr. Asst. Atty. Gen., Brian P. Gibbes* and *Asst. Atty. Gen. Carolyn M. Adams,* Columbia, *for respondent.*

August 25, 1983.

*Per Curiam:*

Appellant was indicted for murder and assault and battery with intent to kill. At a bench trial, a verdict of not guilty by reason of insanity was directed. Appellant, appearing at a

different proceeding, requested that his police record be destroyed pursuant to § 17-1-40 S. C. Code Ann. (1976). Appellant now appeals from the circuit court order denying his request to expunge his record.

Section 17-1-40 states:

> Any person who after being charged with a criminal offense and such charge is discharged or proceedings against such person dismissed or is found to be innocent of such charge the arrest and booking record, files, mug shots, and fingerprints of such person shall be destroyed and no evidence of such record pertaining to such charge shall be retained by any municipal, county or State law-enforcement agency.

The question to be resolved is whether a verdict of "not guilty by reason of insanity" satisfies the conditions of the statute necessary to expunge the record.

In construing a statute the intent of the Legislature must prevail. *State v. Harris*, 268 S. C. 117, 232 S. E. (2d) 231 (1977). Where the terms of the statute are clear and unambiguous, they must be applied according to their literal meaning. *Green v. Zimmerman*, 269 S. C. 535, 238 S. E. (2d) 323 (1977).

The statute clearly does not include the verdict of not guilty by reason of insanity as one of the dispositions which warrant expungement of a police record. Had the Legislature deemed it necessary to include this verdict as one of those mandating destruction of criminal records, it was free to do so.

The Legislature did not think a verdict of not guilty by reason of insanity necessitated destruction of police records.

Accordingly, the judgment of the lower court is affirmed.