23398

In the Interest of KEITH LAMONT G., a minor under the age of seventeen years, Respondent.

(405 S.E. (2d) 404)

Supreme Court

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Charles M. Condon,* N. Charleston, *for appellant.*

*Asst. Appellate Defender Wanda Hagler Haile* of S.C. Office of Appellate Defense, Columbia, *for respondent.*

Heard April 1, 1991.

Decided May 13, 1991.

HARWELL, Justice:

Respondent Keith Lamont G., a juvenile, pled guilty to voluntary manslaughter and possession of a stolen vehicle. The family court judge committed respondent to the Department of Youth Services for an indeterminate period not to extend beyond respondent's twenty-first birthday. The State appeals, arguing that the family court judge was obligated to include a provision in the commitment order providing that respondent could be transferred to the Department of Corrections upon his twenty-first birthday. We affirm.

## I. FACTS

On April 24 and 25, 1989, juvenile petitions were sworn against respondent charging him with murder and possession of a stolen vehicle. The murder charge against respondent

was subsequently reduced to voluntary manslaughter. A petition to transfer respondent's charges to the Court of General Sessions was filed and, after a hearing, denied. At the adjudicatory hearing in Family Court, respondent pled guilty to voluntary manslaughter and possession of a stolen vehicle and was temporarily committed to a reception and evaluation center. Upon respondent's return from the center, the family court judge held a dispositional hearing. At the dispositional hearing, the State asked the family court judge to include a provision in the commitment order, pursuant to S.C. Code Ann. § 20-7-2170 (1985), which would provide that respondent would be transferred to the Department of Corrections upon his twenty-first birthday to continue serving his sentence. The family court judge refused to include such a provision, finding that under the limited jurisdiction of the Family Court, he could commit respondent to the Department of Youth Services only for an indeterminate period not to exceed his twenty-first birthday. The State argues this was error.

## II. DISCUSSION

Section 20-7-2170 provides in pertinent part:

> A child after his twelfth birthday and before his seventeenth birthday, or while under the jurisdiction of the Family Court for disposition of an offense that occurred prior to his seventeenth birthday, may be committed to the custody of the Board of Youth Services only by order of a circuit or family court judge under procedures and subject to the conditions set forth in this Part. Children under the age of twelve years may be committed only to the custody of the Board, which shall arrange for placement in a suitable corrective environment other than institutional confinement. No child under the age of seventeen years shall be committed or sentenced to any other penal or correctional institution of this State.
>
> When a child is adjudicated delinquent, convicted of a crime or has entered a plea of guilty or nolo contendere in a court authorized to commit to the custody of the Board of Youth Services, such child may be committed for an indeterminate period until he has reached his twenty-first birthday or until sooner released by the Board of Juvenile Parole under its discretional powers.

*Any sentence which includes commitment to the custody of the Board of Youth Services for a crime which, when committed by an adult, would carry a maximum sentence of thirty years or more, shall include a further provision that the Board of Juvenile Parole may transfer such child to the Board of Youth Services, which may then transfer such child to the Department of Corrections for confinement for a period, including time served in its custody, not to exceed thirty years. Such transfer shall be within the discretion of the Board of Youth Services or the Board of Juvenile Parole as may be appropriate* (emphasis added).

The State contends that the emphasized portion of the statute mandates that a family court judge include a provision in a commitment order providing for the transfer of a juvenile to the Department of Corrections upon his twenty-first birthday in instances where the juvenile is sentenced for a crime which, if committed by an adult, would carry a maximum sentence of thirty years or more.[1] We disagree.

The first paragraph of the statute provides that all children under the age of seventeen shall be committed to the Board of Youth Services and cannot be committed or sentenced to any other penal or correctional institution. Thus, regardless of whether a juvenile's case is heard in Family Court or in the Court of General Sessions, if the juvenile is under the age of seventeen, the juvenile is sent to the Board of Youth Services.

However, there is a crucial distinction between Family Court and the Court of General Sessions; while a family court judge can commit a juvenile only for an indeterminate sentence not extending beyond the juvenile's twenty-first birthday, a trial judge in the Court of General Sessions can impose a sentence for a definite term of years. *Sanders v. State,* 281 S.C. 53, 314 S.E. (2d) 319 (1984) (the maximum sentence a juvenile can receive in Family Court is an indeterminate period of confinement not to extend past the juvenile's twenty-first birthday; only the Circuit Court can impose an adult term sentence); S.C. Code Ann. § 20-7-400

[1] S.C. Code Ann. § 16-3-50 (1985) provides that the offense of voluntary manslaughter is punishable by imprisonment for no more than thirty years nor less than two years.

(1985) (jurisdiction of Family Court terminates when child attains the age of twenty-one years). Further, S.C. Code Ann. § 20-7-1330 (Supp. 1990) sets forth the alternatives available to a family court judge for dealing with a child under the jurisdiction of the Family Court. Section 20-7-1330(c) provides that a family court judge can commit a child "for an indeterminate period but in no event beyond the child's twenty-first birthday."

Sections which are part of the same general statutory law of the state must be construed together. *Smalls v. Weed,* 293 S.C. 364, 360 S.E. (2d) 531 (Ct. App. 1987). When the South Carolina Children's Code is read as a whole, it is clear that a family court judge can commit a juvenile only for an indeterminate period not to exceed the juvenile's twenty-first birthday and that a juvenile can be held beyond the age of twenty-one only if the juvenile is committed by order of the Court of General Sessions. Thus, a child cannot be held accountable as an adult for his criminal conduct unless the child's case is transferred to the Court of General Sessions pursuant to S.C. Code Ann. § 20-7-430 (1985 and Supp. 1990).[2]

Since a family court judge can commit a juvenile only until his twenty-first birthday, we conclude that the portion of the statute which authorizes the transfer of a juvenile to the Department of Corrections upon his twenty-first birthday is only applicable when the juvenile has been tried and sentenced as an adult offender in the Court of General Sessions. *See In the Matter of Westbrooks,* 277 S.C. 410, 288 S.E. (2d) 395 (1982) (a Family Court cannot impose probation to extend beyond a child's twenty-first birthday because the jurisdiction of the Family Court terminates when a child becomes twenty-one). Accordingly, the order of the family court judge is

Affirmed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.

---

[2] Furthermore, if we construed § 20-7-2170 as the State suggests, there could potentially be serious constitutional problems as such a construction would allow a juvenile tried in Family Court to be punished as an adult withou affording the juvenile the constitutional protections provided to all criminal defendants, such as indictment by grand jury and trial by jury.