23567

Francis R. RAINEY, Jr., Respondent v. STATE of South Carolina, Petitioner.

(414 S.E. (2d) 131)

Supreme Court

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Lisa G. Jefferson,* Columbia, *for petitioner.*

*Asst. Appellate Defender Robert M. Dudek,* of *S.C. Office of Appellate Defense,* Columbia, *for respondent.*

Submitted Jan. 14, 1992.

Decided Jan. 27, 1992.

*Per Curiam:*

Respondent pled guilty to distribution of crack cocaine and resisting arrest. He was sentenced as a second offender for

the distribution charge to imprisonment for thirty years, suspended upon service of twenty-five years, and payment of a $50,000 fine. A consecutive one year sentence was imposed for resisting arrest. We affirmed the case on direct appeal.

The State seeks a writ of certiorari from the order granting respondent's application for postconviction relief (PCR). We grant the petition for a writ of certiorari, dispense with further briefing, and affirm the order of the PCR judge.

Respondent was sentenced as a second offender under the crack cocaine statute[1] based on his prior convictions for distribution of marijuana and possession with intent to distribute marijuana. Pursuant to § 44-53-375(B), an enhanced sentence is required for "a second offender, or if, in the case of a first conviction of a violation of this section, the offender has been convicted of any [law] . . . relating to *narcotic drugs. . . .*" (Emphasis added.) Since respondent does not have a prior crack cocaine conviction and marijuana is not a narcotic drug as defined by S.C. Code Ann. § 44-53-110 (1985), he should not have been sentenced as a second offender under § 44-53-375(B).

The State argues that respondent is a second offender pursuant to S.C. Code Ann. § 44-53-470 (1985), which provides:

> An offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any State or Federal statute relating to narcotic drugs, marijuana, depressant, stimulant, or hallucinogenic drugs.

Penal statutes are construed strictly against the State and in favor of the defendant. *Williams v. State,* — S.C. —, 410 S.E. (2d) 563 (1991); *State v. Burton,* 301 S.C. 305, 391 S.E. (2d) 583 (1990). Where the terms of a statute are clear and unambiguous, they must be applied according to their literal meaning. *Williams v. State, supra; State v. Salmon,* 279 S.C. 344, 306 S.E. (2d) 620 (1983). More recent and specific legislation supersedes prior, general law. *State v. Brown,* 289

---

[1] S.C. Code Ann. § 44-53-375 (Supp. 1990).

S.C. 581, 347 S.E. (2d) 882 (1986); *State v. Cutler*, 274 S.C. 376, 264 S.E. (2d) 420 (1980).

Because there is a conflict between § 44-53-375(B) and the general second offense statute, the later, more specific crack cocaine statute must prevail. The PCR judge was correct in finding that respondent is not a second offender under § 44-53-375(B) and should not, therefore, have been sentenced as one. Accordingly, the order of the PCR judge is

Affirmed.

CHANDLER, J., not participating.