23997

Jimmy HOLLEY, Appellant v. MOUNT VERNON MILLS, INC., respondent.

(440 S.E. (2d) 373)

Supreme Court

*Douglas A. Churdar*, of *Patton & Churdar*, Greenville, *for appellant*.

*Thomas A. Bright* and *Katherine Dudley Helms*, *Haynsworth, Baldwin, Johnson, and Greaves*, Greenville, *for respondent*.

*Atty. Gen. T. Travis Medlock* and *Deputy Atty. Gen. J. Emory Smith, Jr.*, Columbia, *for amicus curiae the State of South Carolina*.

Heard May 18, 1993.

Decided Jan. 17, 1994.

HARWELL, Chief Justice:

Jimmy Holley (Holley) appeals from an order granting summary judgment to Mount Vernon Mills, Inc. (Mount Vernon) claiming that the trial judge erred in ruling that the Sunday Blue Laws, S.C. Code Ann. §§ 53-1-5 to -150 (1992), do not prohibit Mount Vernon from discriminating against persons who worship on Saturday. We disagree and affirm.

## I. *Facts*

Holley was employed by Mount Vernon, a textile plant that operates seven days per week by using a rotation method to select employees to work on weekends. In 1989, Holley embraced the beliefs expounded by the Seventh Day Adventist Church, which restricts labor on Saturday. As a result, Holley refused to work on Saturday rotations. Eventually, Mount

Vernon terminated Holley because of his unexcused absences.

Holley brought this action alleging that S.C. Code Ann. § 53-1-150 (1992) prohibits an employer from discriminating against persons who worship on Saturday. Mount Vernon moved for summary judgment, claiming that it was exempt from section 53-1-150 pursuant to section 53-1-110, which exempts the manufacture and finishing of textile products from the provisions of Chapter 1, Title 53. The trial judge granted summary judgment to Mount Vernon, finding that Mount Vernon is exempt from the provisions of § 53-1-150 and that § 53-1-110 does not prohibit discrimination against persons who worship on Saturday. Holley appealed.

## II. *Discussion*

Holley contends that the trial judge erred in granting summary judgment because § 53-1-150 and § 53-1-110 should be read together as prohibiting Mount Vernon from discriminating against employees who worship on Saturday. We disagree.

Section 53-1-150 provides:

> (C) Any employee of any business which operates on Sunday under the provisions of this section has the option of refusing to work in accordance with provisions of § 53-1-100 of the 1976 Code. Any employer who dismisses or demotes an employee because he is a conscientious objector to Sunday work is subject to a civil penalty of triple the damages found by the court or jury plus court costs and the employee's attorney's fees. The court may order the employer to rehire or reinstate the employee in the same position he·was in before the dismissal or demotion without forfeiture of compensation, rank, or grade.
>
> No proprietor of a retail establishment who is opposed to working on Sunday may be forced by his lessor or franchisor to open his establishment on Sunday *nor may there be discrimination against persons whose regular day of worship is Saturday.* [Emphasis added.]

Section 53-1-110 provides:

> Notwithstanding any other provision of law, the manufacture and finishing of textile products shall be exempt

from the provisions of Chapter 1, Title 53, as amended. *Provided, however,* that no person shall be required to work on Sunday who is conscientiously opposed to Sunday work. If any person refuses to work on Sunday because of his conscientious or physical objections, he shall not jeopardize his seniority rights by such refusal or be discriminated against in any manner. Sunday work shall be compensated at a rate no less than that required by the Fair Labor Standards Act.

When interpreting a statute, the Court's primary function is to ascertain the intention of the Legislature. When a statute is clear and unambiguous, the terms of the statute must be given their literal meaning. *Medlock v. 1985 Ford F-150 Pick Up,* 308 S.C. 68, 417 S.E. (2d) 85 (1992). The clear and unambiguous language of § 53-1-110 exempts textile manufacturers and finishers like Mount Vernon from all other provisions in Chapter 1 of Title 53. Therefore, Mount Vernon is exempt from § 53-1-150. Moreover, while § 53-1-110 does prohibit textile manufacturers and finishers from requiring a person to work on Sunday who is conscientiously opposed to Sunday work, no language in that section addresses persons who worship on Saturday. Accordingly, we reject Holley's claim that Mount Vernon is prohibited from discriminating against persons who worship on Saturday. The ruling of the trial judge is

Affirmed.[1]

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.

---

[1] As neither party raised the constitutionality of the statute, we express no opinion as to whether the Sunday Blue Laws, S.C. Code Ann. §§ 53-1-5 to -150 (1992), as amended by Act No. 86, 1985 S.C. Acts 195, violate the Establishment Clause of either the United States or South Carolina constitution.