24357

Leon E. THOMAS, Respondent v. The STATE, Petitioner.

(465 S.E. (2d) 350)

Supreme Court

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa Nesbitt Cosby,* and *Assistant Attorney General David K. Avant,* Columbia, *for petitioner.*

*Senior Assistant Appellate Defender Wanda H. Haile,* of *S.C. Office of Appellate Defense,* Columbia, *for respondent.*

Submitted Oct. 19, 1995.

Decided Dec. 11, 1995.

MOORE, Justice:

The State petitioned for writ of certiorari to review the grant of respondent's application for postconviction relief (PCR). We reverse.

## FACTS

Respondent was convicted of trafficking in marijuana and sentenced as a third-time offender to twenty-five years. His direct appeal was dismissed. Respondent filed an application for PCR on the ground his sentence exceeded the maximum allowed by law. The PCR judge granted respondent a resentencing hearing.

## ISSUE

Did the PCR judge err in holding respondent was incorrectly sentenced as a third-time offender?

## DISCUSSION

Respondent was sentenced as a third-time offender under S.C. Code Ann. § 44-53-370(e)(1) (Supp. 1994). Respondent has prior convictions for possession of marijuana with intent to distribute and distribution of marijuana. The State contends the PCR judge erred in finding the trial judge had improperly interpreted the term "subsequent or second offense." S.C. Code Ann. § 44-53-470 (1985) defines "second or subsequent offense" as when an offender "has at any time been convicted under this article or under any State or Federal statute relating to narcotic drugs, *marihuana,* depressant, stimulant, or hallucinogenic drugs." (Emphasis added.)

Respondent argues the references to second or subsequent offenses in § 44-53-370(e)(1) refer only to convictions of trafficking in marijuana, not other drug offenses. Relying on *Rainey v. State,* 307 S.C. 150, 414 S.E. (2d) 131 (1992), respondent contends the definition set out in § 44-53-470 does not apply to § 44-53-370(e). In *Rainey,* the defendant was convicted under the former crack cocaine statute, S.C. Code Ann. § 44-53-375. His prior offense was for marijuana. Under former § 44-53-375(B), the prior offense had to be related to narcotic drugs.[1] However, under the definition set out in § 44-53-470, a prior offense is any drug offense. Finding a conflict between § 44-53-470 and § 44-53-375(B) and applying the rule that the more recent legislation supersedes prior law, the Court held the defendant should not have been sentenced as a

[1] This subsection has since been amended and now states a prior offense includes those for marijuana.

second offender. Here, §§ 44-53-470(e)(1) and 44-53-470 are not in conflict. Since there is no conflict, *Rainey* does not apply.

Here, both statutes are part of the same general law and can be read together without any conflict. *Cf. In re Keith Lamont G.*, 304 S.C. 456, 405 S.E. (2d) 404 (1991) (statutory sections that are part of the same general statutory law must be construed together). Further, the cardinal rule of statutory construction is that legislative intent is to prevail. *Browning v. Hartvigsen*, 307 S.C. 122, 414 S.E. (2d) 115 (1992). The legislature could not have intended second or subsequent offenses under § 44-53-370(e)(1) to include only the offense of marijuana trafficking when there is a specific statute which defines second or subsequent offenses as any drug offense. Therefore, we hold respondent was correctly sentenced as a third-time offender. Accordingly, the order of the PCR judge is

Reversed.

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.