591 S.E.2d 606

**Joseph A. SAMUELS, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25770.**

Supreme Court of South Carolina.

Submitted Dec. 4, 2003.

Decided Jan. 12, 2004.

---

Tara Dawn Shurling, of Columbia, for petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Chief, Capital and Collateral Litigation Donald J. Zelenka, Assistant Deputy Attorney General B. Allen Bullard, Jr., and Assistant Attorney General David Spencer, of Columbia, for respondent.

Justice MOORE:

We granted certiorari to determine whether the post-conviction relief (PCR) court erred by finding the trial court did not lack subject matter jurisdiction to convict petitioner and by finding appellate counsel was not ineffective for failing to appeal the denial of petitioner's directed verdict motion at trial. We affirm.

## ISSUE I

Was there subject matter jurisdiction to convict petitioner?

## DISCUSSION

Petitioner was convicted of entering a bank with the intent to steal and was sentenced to fifteen years imprisonment. The Court of Appeals affirmed his conviction. *State v. Samuels,* Op. No. 99–UP–205 (S.C. Ct.App. filed March 24, 1999). His PCR application was denied.

The indictment for entering a bank with intent to steal reads:

That JOSEPH A. SAMUELS did in Richland County on or about May 15, 1996, unlawfully enter a bank, depository, or building and loan association to wit: Richland Teacher's Credit Union,[1] with intent to steal money or securities for money, either by force, intimidation or threats.

Petitioner contends the trial court lacked subject matter jurisdiction on this charge because a credit union is not covered by S.C.Code Ann. § 16–11–380 (2003).

Section 16–11–380 provides: "It is unlawful for a person to enter a building or part of a building occupied as a bank, depository, or building and loan association with intent to steal money or securities for money, either by force, intimidation, or threats."

While a credit union is not a bank or a building and loan association,[2] a credit union is a financial institution[3] and is, in the language of § 16–11–380, a depository. *McClanahan v. Richland County Council*, 350 S.C. 433, 567 S.E.2d 240 (2002) (all rules of statutory construction are subservient to one that legislative intent must prevail if it can be reasonably discovered in language used, and that language must be construed in light of statute's intended purpose).

The South Carolina Credit Union Act is located under Title 34, which is entitled "Banking, Financial Institutions and Money." A credit union is defined as

a cooperative, nonprofit corporation, incorporated ... for the purposes of encouraging thrift among its members, creating a source of credit at fair and reasonable rates of

---

1. Before trial, the indictment was amended to reflect the proper name of the credit union: Richland Teachers Council Federal Credit Union.

2. *See, e.g.,* S.C.Code Ann. § 34–3–10 (1987) (no person shall use word "bank" or "banking" in connection with any business other than legalized incorporated banking institution); S.C.Code Ann. § 34–5–10 (1987) (bank includes building and loan association); S.C.Code Ann. § 34–26–110(5) (Supp.2002) (definition of credit union).

3. *See, e.g.,* S.C.Code Ann. § 34–1–20 (Supp.2002) (two members of State Board of Financial Institutions must be engaged in cooperative credit union business and recommended by State Cooperative Credit Union League); S.C.Code Ann. § 20–7–150(16) (1985) (under Uniform Gifts to Minors Act, credit union included in definition of financial institution); S.C.Code Ann. § 62–6–101 (1987) (under Nonprobate Transfers article, credit union is financial institution).

interest, and providing an opportunity for its members to use and control their own money on a democratic basis in order to improve their economic and social condition. S.C.Code Ann. § 34–26–110(5) (Supp.2002).

S.C.Code Ann. § 34–26–720 (Supp.2002) provides "[a] credit union may accept deposits from members, other credit unions, and governmental units subject to the terms, rates, and conditions established by the board of directors [of the credit union.]" Further, S.C.Code Ann. § 34–26–730(1) (Supp.2002) provides that "deposit accounts [4] may be withdrawn for payment to the account holder or to third parties . . ." Accordingly, a credit union is a depository.

Therefore, the PCR court properly denied petitioner's claim the trial court lacked subject matter jurisdiction to convict petitioner of entering a depository with the intent to steal.

## ISSUE II

Was appellate counsel ineffective for failing to appeal the trial court's denial of petitioner's directed verdict motion?

## DISCUSSION

At trial, petitioner moved for a directed verdict on the basis there was no evidence the credit union was a bank, depository, or building and loan association within the meaning of the statute. The trial court denied the motion because there was evidence the credit union was a depository.[5] Appellate counsel did not raise this issue on appeal.

Because a credit union is a depository as a matter of law, appellate counsel was not ineffective for failing to raise the directed verdict issue on appeal. *See Thrift v. State*, 302 S.C. 535, 397 S.E.2d 523 (1990) (appellate counsel must provide

---

4. " 'Deposit account' means a balance held by a credit union and established by a member, another credit union, or a governmental unit in accordance with standards specified by the credit union including balances designated as deposits, deposit certificates, checking accounts, or other names. . . . A deposit account is a debt owed by the credit union to the credit holder." S.C.Code Ann. § 34–26–110(6) (Supp. 2002).

5. A credit union employee testified the credit union acted like a bank by engaging in the business of deposits, withdrawals, and loans.

effective assistance but need not raise every nonfrivolous issue presented by the record). *Cf. Simpkins v. State,* 303 S.C. 364, 401 S.E.2d 142 (1991) (appellate counsel ineffective in failing to raise issue, preserved below, which would have entitled defendant to reversal on appeal). Therefore, the decision of the PCR court is **AFFIRMED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.