THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), 
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Russell Davis,       
Appellant.
 
 
 

Appeal From Aiken County
James C. Williams, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-209
Submitted January 29, 2004  Filed March 
 25, 2004 

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Pachak, Office of Appellate 
 Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Attorney General Deborah R.J. Shupe, all 
 of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for Respondent.
 
 
 

PER CURIAM:  Appellant was convicted of 
 trafficking in methamphetamine and unlawful carrying of a pistol, and he was 
 sentenced.  On appeal, Appellant argues that the trial court erred in sentencing 
 him for second offense trafficking under S.C. Code Ann. § 44-53-375(C)(1) when 
 his prior drug conviction was for possession of a controlled substance.  We 
 affirm.        
 I.                 
FACTS AND PROCEDURAL HISTORY 
 
On December 28, 2001, Appellant, a commercial truck 
 driver, was stopped at a weigh station on Interstate 20 in Aiken County, South 
 Carolina.  Appellant told one of the officers that there was a gun in the cab 
 of his truck.   In addition to a 9 millimeter pistol, the officer discovered 
 .11 grams of cocaine and 21.99 grams of methamphetamine in the truck.   
Appellant was indicted for trafficking in methamphetamine, 
 possession of cocaine, and unlawful carrying of a pistol.  He was tried on April 
 29, 2003 before the Honorable James C. Williams and a jury.  
Appellant was convicted of trafficking in methamphetamine 
 and unlawful carrying of a pistol and was sentenced.  His drug related conviction 
 was treated as a second offense for sentencing purposes, since Appellant had 
 a prior conviction from Nevada for possession of a controlled substance.  The 
 circuit court determined that the conviction would constitute a second offense 
 as defined in S.C. Code Ann. § 44-53-470, thus rejecting Appellants argument 
 that the prior conviction had to be a trafficking offense in order to trigger 
 the second offense sentence pursuant to S.C. Code Ann. § 44-53-375(C)(1)(b).  
 This appeal follows.                              
 II.              
LAW/ANALYSIS 
 
On appeal, Appellant argues the circuit court erred 
 in sentencing him for second offense trafficking under S.C. Code Ann. § 44-53-375(C)(1) 
 when his prior drug offense was for possession of a controlled substance.  Thus, 
 the issue raised on appeal is the characterization of the trafficking conviction 
 as a second offense.    
 South Carolina Code Ann. § 44-53-375(C) (2003) provides 
 that any person who knowingly sells, manufactures, delivers, purchases, or 
 brings into this State  . . . ten grams or more of ice, crank, or crack cocaine 
 . . . is guilty of a felony.  If the amount is ten grams or more, but less 
 than twenty-eight grams, and the conviction is a second offense as defined 
 by statute, the defendant must be sentenced to imprisonment for not less than 
 five years nor more than thirty years, and a $50,000 fine.  S.C. Code Ann. § 
 44-53-375(C)(1)(b).  Under S.C. Code Ann. § 44-53-470, an offense is considered 
 a second offense if the defendant has a prior conviction under Title 44, Article 
 53 of the South Carolina Code of Laws, or under any State or Federal statute 
 relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic 
 drugs.  
Appellant argues that S.C. Code § 44-53-375(C)(1)(b) 
 only applies when the defendants prior conviction is a trafficking offense.  
 Our court recently rejected this exact argument in State v. Dupree, 354 
 S.C. 676, 583 S.E.2d 437 (Ct. App. 2003).  In Dupree, the court noted 
 that the language in § 44-53-375(C) merely delineates offenses and that there 
 is no conflict between Sections 44-53-375(C)(1)(b) and 44-53-470.  Id.  
 The court concluded by holding that § 44-53-470 applies to § 44-53-375(C).  
 Id.  
Likewise, in  Thomas v. State, 319 S.C. 
 471, 465 S.E.2d 350 (1995), the court held that the marijuana trafficking statute 
 and the statute defining second or subsequent offense as any drug offense 
 were part of the same general law and could be read together without conflict.  
 The court further noted that [t]he legislature could not have intended second 
 or subsequent offenses under [§ 44-53-375(C)(1)] to include only . . . trafficking 
 when there is a specific statute which defines second or subsequent offenses 
 as any drug offense.  Id.      
Thus, pursuant to the holdings in Dupree 
 and Thomas, and based on Appellants prior conviction for possession 
 of a controlled substance, the circuit court properly sentenced him as a second 
 time offender under § 44-53-375(C)(1)(b).          
AFFIRMED.
GOOLSBY, HOWARD, and KITTREDGE, JJ., concur.