597 S.E.2d 150

**Lewis C. PATTERSON, Respondent,**

**v.**

**STATE of South Carolina, Petitioner.**

**No. 25826.**

Supreme Court of South Carolina.

Submitted April 21, 2004.

Decided May 24, 2004.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Adrianne L. Turner, all of Columbia, for petitioner.

Robert M. Pachak, of Columbia, for respondent.

Justice BURNETT:

Respondent Lewis Clarence Patterson (Patterson) pled guilty to possession of crack cocaine, second offense, and was sentenced to seven (7) years imprisonment and fined $10,000. Patterson was previously convicted of possession of marihuana. Concluding trial counsel rendered ineffective assistance of counsel by advising Patterson to plead guilty to a second offense in connection with the crack cocaine charge, the post-conviction (PCR) judge granted relief.

## *ISSUE*

Did the PCR judge err in holding Patterson's counsel was ineffective because Patterson was sentenced as a second-time offender?

## *ANALYSIS*

The State argues the PCR judge erred by concluding Patterson's counsel was ineffective in advising him to plead guilty where Patterson's sentence for possession of crack cocaine was enhanced to second offense due to Patterson's 1989 conviction for possession of marihuana. We agree.

To establish a claim of ineffective assistance of counsel, the PCR applicant must establish that trial counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, there is a reasonable probability the result would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of trial. *Id.* 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. The PCR judge's findings will be upheld by this Court when they are supported by any evidence of probative value. *Cherry v. State,* 300 S.C. 115, 386 S.E.2d 624 (1989). However, the Court will not

uphold the findings of the PCR court if no probative evidence supports those findings. *Holland v. State*, 322 S.C. 111, 470 S.E.2d 378 (1996).

■ There is no statutory law or judicial precedent in this State concluding, under similar facts, the trial judge improperly enhanced Patterson's sentence. An attorney is not required to anticipate potential changes in the law, which are not in existence at the time of the conviction. *Gilmore v. State*, 314 S.C. 453, 457, 445 S.E.2d 454, 456 (1994) *overruled on other grounds by Brightman v. State*, 336 S.C. 348, 520 S.E.2d 614 (1999). Therefore, Patterson's counsel was not deficient in advising Patterson to plead guilty in connection with the crack cocaine charge.

■ Although, unnecessary for resolution of Patterson's claim, we address whether Patterson was incorrectly sentenced as a second-time offender. Patterson was sentenced pursuant to S.C.Code Ann. § 44–53–375(A) (2002), which provides:

> For a second offense, the offender is guilty of a felony and, upon conviction, must be imprisoned not more than ten years. . . . For a third or subsequent offense, the offender is guilty of a felony and, upon conviction, must be imprisoned not less than ten years nor more than fifteen years. . . .

S.C.Code Ann. § 44–53–375(A) (2002).

Section 44–53–375(A) does not define second offense. South Carolina Code Ann. § 44–53–470 (2002), generally defines "second or subsequent offense" as when an offender "has at any time been convicted under this article or under any State or Federal statute relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs."

■ Under Section 44–53–470, a prior offense is any drug offense, including possession of marihuana. Sections 44–53–375(A) and 44–53–470 are part of the same general law and can be read together without conflict. *Cf. In re Keith Lamont G.*, 304 S.C. 456, 405 S.E.2d 404 (1991) (statutory sections that are part of the same general statutory law must be construed together). Moreover, all rules of statutory construction are secondary to the rule that legislative intent must prevail if it can be reasonably discerned from the statutory language. *Samuels v. State*, 356 S.C. 635, 591 S.E.2d 606 (2004). The

legislature could not have intended to exclude marihuana possession as a second or subsequent offense under Section 44–53–375(A) when Section 44–53–470 specifically defines a "second or subsequent offense" as any drug offense, including marihuana. When the terms of a statute are clear, the court must apply those terms according to their literal meaning. *Holley v. Mount Vernon Mills, Inc.*, 312 S.C. 320, 440 S.E.2d 373 (1994). Therefore, Patterson's sentence was properly enhanced based on his prior conviction for marihuana.

The PCR judge relied on *Rainey v. State*, 307 S.C. 150, 414 S.E.2d 131 (1992). *Rainey* is inapposite to the case at bar. Rainey pled guilty to distribution of crack cocaine and was sentenced as a second offender under former Section 44–53–375 because of prior convictions for marihuana possession. Under former Section 44–53–375(B) (Supp. 1990), the prior offense was limited to narcotic drugs. The Court explained:

> [Rainey] was sentenced as a second offender under the crack cocaine statute [S.C.Code Ann. § 44–53–375 (Supp. 1990)] based on his prior convictions for marijuana and possession with intent to distribute marijuana. Pursuant to § 44–53–375(B), an enhanced sentence is required for a "second offender, or if, in the case of a first conviction of a violation of this section, the offender has been convicted of any [law] ... relating to *narcotic drugs* ..." (Emphasis added). Since [Rainey] does not have a prior crack cocaine conviction and marijuana is not a narcotic drug as defined by S.C.Code Ann. § 44–53–110 (1985), he should not have been sentenced as a second offender under § 44–53–375(B).

*Rainey*, 307 S.C. at 151, 414 S.E.2d at 132 (footnote omitted). The State argued Rainey was a second offender under Section 44–53–470. In affirming the order of the PCR judge, the Court concluded:

> Because there is a conflict between § 44–53–375(B) and the general second offense statute, the later, more specific crack cocaine statute must prevail. The PCR judge was correct in finding that [Rainey] is not a second offender under § 44–53–375(B) and should not, therefore, have been sentenced as one.

*Rainey*, 307 S.C. at 152, 414 S.E.2d at 132.

Here, Sections 44–53–375(A) and 44–53–470 are not in conflict. *See also Thomas v. State*, 319 S.C. 471, 465 S.E.2d 350

(1995) (finding no conflict between Sections 44–53–370(e)(1) (Supp. 1994) and 44–53–470 (1985) for purposes of sentence enhancement); *State v. Dupree,* 354 S.C. 676, 583 S.E.2d 437 (Ct.App.2003) (finding no conflict between Sections 44–53–375(C)(1)(b) (2002) and 44–53–470 (2002) for purposes of sentence enhancement).

**REVERSED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.