THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Kelvin Lamont Brown,       
Respondent,
 
 
 

v.

 
 
 
State of South Carolina,        Petitioner.
 
 
 

Appeal From Greenwood County
 Wyatt T. Saunders, Jr, Circuit Court Judge

Memorandum Opinion No. 2005-MO-024
Submitted May 18, 2005  Filed June 6, 2005

REVERSED AND REMANDED

 
 
 
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Julie M. Thames, of Columbia, for Respondent.
Assistant Appellate Defender Aileen P. Clare, of Columbia, for Petitioner.
 
 
 

PER CURIAM:  Reversed pursuant to Rule 220(b), SCACR, and the following authorities:  State v. Dupree, 354 S.C. 676, 583 S.E.2d 437 (Ct. App. 2003)(finding no conflict between § 44-53-375(C)(1)(b) and § 44-53-470 for purposes of sentence enhancement); Patterson v. State, 359 S.C. 115, 119, 597 S.E.2d 150, 152 (2004)(holding§§ 44-53-375(A) and 44-53-470 are not in conflict); State v. Gentry, Op. No. 25949 (Shearouse Adv. Sh. No. 11 at 37)(S.C. Sup.Ct. filed March 7, 2005)(holding indictments are not documents required to confer subject matter jurisdiction).  State v. Scriven,  339 S.C. 333, 337, 529 S.E.2d 71, 73 (Ct. App. 2000)(holding sentence enhancements upon conviction for a second or greater offense are not elements of the offense).  We reverse the grant of PCR and remand for further proceedings not inconsistent with this opinion.
REVERSED.
 TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.