**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Rusty Antron Jones, Appellant.

Appellate Case No. 2017-002257

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2019-UP-356
Submitted September 1, 2019 – Filed November 6, 2019

**AFFIRMED**

Appellate Defender Victor R. Seeger, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

**PER CURIAM:** Rusty Antron Jones appeals his sentence of twenty-five years' imprisonment for distribution of cocaine base, third offense. Jones argues the trial court erred in denying his request to be sentenced for only a second offense.

Because Jones pled guilty in 2012 to two drug offenses that arose from two separate incidents occurring eleven days apart in different locations, we affirm. *See State v. Jacobs*, 393 S.C. 584, 586, 713 S.E.2d 621, 622 (2011) ("In criminal cases, the appellate court sits to review errors of law only." (quoting *State v. Williams*, 386 S.C. 503, 509, 690 S.E.2d 62, 65 (2010))); *id.* ("A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law . . . " (quoting *In re M.B.H.*, 387 S.C. 323, 326, 692 S.E.2d 541, 541 (2010))); S.C. Code Ann. § 44-53-470(A)(4) (2018) ("An offense is considered a second or subsequent offense if . . . the offender has at any time been convicted of a second or subsequent violation of a controlled substance offense provision . . . "); *Thomas v. State*, 319 S.C. 471, 472, 465 S.E.2d 350, 351 (1995) ("[U]nder the definition set out in [section] 44-53-470, a prior offense is any drug offense."); *State v. Boyd*, 288 S.C. 206, 210, 341 S.E.2d 144, 146 (1986) (holding that when "multiple convictions are obtained for violations of the Controlled Substance Act where the violations are unrelated to one another and do not arise out of a single incident that there be no prohibition of counting for sentencing purposes each conviction separately").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.